# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## Case No. _____

_____

## In re James H. Roane, Jr.,

## Movant.

_____

## APPLICATION TO FILE SECOND OR SUCCESSIVE
## MOTION PURSUANT TO 28 U.S.C. § 2255(h)
_____

## CAPITAL § 2255 PROCEEDINGS

Peter Williams
Maura McNally
Assistant Federal Defenders
Federal Community Defender Office
 for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

May 22, 2020

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

PROCEDURAL HISTORY .................................................................................. 3

STATUTES INVOLVED ...................................................................................... 5

ARGUMENT ....................................................................................................... 6

   I.     Mr. Roane's Motion Meets the Requirements of § 2255. ........................... 7

   II.    Mr. Roane's Motion is Timely. .................................................................. 8

   III.   Davis Announced a New Rule. .................................................................... 9

   IV.   *Davis*'s Rule is Constitutional in Nature. ................................................. 10

   V.    The Supreme Court Made *Davis* Retroactive To Cases on Collateral Review. ..................................................................................................... 11

   VI.   *Davis*'s New Rule Was Previously Unavailable to Mr. Roane. ................ 12

   VII.  Mr. Roane's Convictions Under § 1959(a) and § 848(e)(1)(A) Do Not Qualify As Crimes Of Violence Under The Force Clause Of § 924(c)(3)(A). ............................................................................................ 12

     A.   Mr. Roane's Convictions under 18 U.S.C. 1959(a) Do Not Qualify as Crimes of Violence under the Force Clause of § 924(c)(3)(A). ................. 14

     B.   Mr. Roane's Convictions under 21 U.S.C. § 848(e)(1)(A) Do Not Qualify as Crimes of Violence under the Force Clause of § 924(c)(3)(A). ........... 16

     C.   This Court Cannot Assume that Mr. Roane's § 924(c) Convictions Rested on the Predicate Offenses as Drug Trafficking Crimes Because the Jury Was Charged Generally ................................................................................ 18

   VIII. Mr. Roane Has Made A Sufficient Showing Of Possible Merit To File A Successive Motion In District Court. ......................................................... 19

CONCLUSION ................................................................................................... 21

# TABLE OF AUTHORITIES

**Supreme Court Opinions**

139 S.Ct. 2319 (2019) ......................................................................................... 1, 2, 5

*Chaidez v. United States*,
 568 U.S. 342 (2013) ........................................................................................ 9

*Descamps v. United States*,
 133 S. Ct. 2276 (2013) .................................................................................... 15

*In re Roane*,
 132 S. Ct. 390 (2011) ...................................................................................... 4

*Johnson v. United States*,
 135 S. Ct. 2551 (2015) .................................................................................... 4

*Lambrix v. Singletary*,
 520 U.S. 518 (1997) ........................................................................................ 10

*Moncrieffe v. Holder*,
 569 U.S. 184 (2013) ........................................................................................ 16

*Roane v. United States*,
 520 U.S. 1253 (1997) ...................................................................................... 4

*Roane v. United States*,
 546 U.S. 810 (2005) ........................................................................................ 4

*Schriro v. Summerlin*,
 542 U.S. 348 (2004) ........................................................................................ 12

*Smith v. United States*,
 508 U.S. 223 (1993) ........................................................................................ 10

*Teague v. Lane*,
 489 U.S. 288 (1989) ........................................................................................ 10

*Tyler v. Cain*,
 533 U.S. 656 (2001) ........................................................................................ 12

**Federal Court Opinions**

*Bennett v. United States*,
 119 F.3d 468–70 (7th Cir. 1997) ..................................................................... 3, 21

*Brown v. United States*,
 942 F.3d 1069 (11th Cir. 2019) ....................................................................... 17

*Hammond*,
931 F.3d 1032 (11th Cir. 2019) ........................................................................ 13

*In re Hubbard*,
825 F.3d 225 (4th Cir. 2016) ............................................................................... 8

*In re Williams*,
330 F.3d 277 (4th Cir. 2003) ......................................................................... 3, 21

*Miller v. United States*,
735 F.3d 141 (4th Cir. 2013) ............................................................................. 12

*Mullins*,
942 F.3d 975 (10th Cir. 2019) .......................................................................... 13

*Quinteros v. Attorney General of the United States*,
945 F.3d 772 (3rd Cir. 2019) ........................................................................... 17

*San-Miguel v. Dove*,
291 F.3d 257 (4th Cir. 2002) ........................................................................... 12

*U.S. v. Dixon*,
789 Fed. Appx. 371 (4th Cir. 2020) ................................................................. 13

*U.S. v. Littlejohn*,
2020 WL 639642 (4th Cir., Feb. 11, 2020) ...................................................... 11

*U.S. v. Mathis*,
932 F.3d 242 ...................................................................................................... 13

*United States v. Climico*,
802 Fed.Appx. 599 (2nd Cir. 2020) .................................................................. 17

*United States v. Fuertes*,
805 F.3d 485 (4th Cir. 2015) .................................................................. 14, 15, 19

*United States v. Jones*,
935 F.3d 266 (5th Cir. 2019) ............................................................................ 17

*United States v. MacDonald*,
641 F.3d 596 (4th Cir. 2011) .............................................................................. 8

*United States v. McCollum*,
885 F.3d (4th Cir. 2018) .................................................................................... 17

*United States v. Naughton*,
621 F. App'x 170 (4th Cir. 2015) ................................................................ 14, 19

*United States v. NJB*,
104 F.3d 630 (4th Cir. 1997) ............................................................................ 20

*United States v. Reece*,
938 F.3d 630 (5th Cir. 2019) ............................................................. 10-11, 12, 13

*United States v. Roane*,
378 F.3d 382 (4th Cir. 2004) ............................................................................. 4

*United States v. Simms*,
914 F.3d 229 (4th Cir. 2019) ...................................................................... 14, 15

*United States v. Tipton*,
90 F.3d 861 (4th Cir. 1996) ............................................................................... 4

*United States v. Torres-Miquel*,
701 F.3d 165 (4th Cir. 2012) ...................................................................... 16, 19

*United States v. Turner*,
198 F.3d 425 (4th Cir. 1999) ........................................................................... 20

## United States Code

18 U.S.C. § 924 ....................................................................................... 1, 2, 5, 6, 7
18 U.S.C. § 1959 ...................................................................................... 2, 3, 5, 15
21 U.S.C. § 846 ..................................................................................................... 2
21 U.S.C. § 848 ................................................................................... 2, 3, 5, 18, 20
28 U.S.C. § 2255 ........................................................................ 1, 4, 8, 9, 11, 20, 22
Section 924 ........................................................................................................... 6
§ 848 ........................................................................................... 3, 4, 5, 14, 18, 19
§ 924 ................................... 2, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22
§ 1959 .......................................................................... 3, 5, 7, 14, 15, 16, 17, 19
§ 2255 ....................................................................... 1, 3, 4, 7, 8, 9, 10, 13, 21, 22
§§ 2255 ............................................................................................................... 5

## State Statutes

section 841 ........................................................................................................... 5
section 960 ........................................................................................................... 5
Section 2244 ........................................................................................................ 8
§ 1959 ....................................................................... 3, 5, 7, 14, 15, 16, 17, 19
§ 6003 (1994) ...................................................................................................... 6

James H. Roane, Jr., through counsel, and pursuant to 28 U.S.C. § 2255(h)(2), respectfully moves for an order allowing him to file in the United States District Court for the Eastern District of Virgina the attached successive motion to set aside criminal convictions and their attendant sentences which were invalidated by the Supreme Court's decision in *United States v. Davis*, __U.S. __, 139 S.Ct. 2319 (2019).

## **INTRODUCTION**

This Court may authorize a second or successive motion under 28 U.S.C. § 2255 if the movant makes a *prima facie* showing that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" entitles him to relief. *See* § 2255(h)(2). Mr. Roane's attached, proposed second § 2255 motion (Appendix A) is (1) based on the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); (2) the rule was made retroactive to cases on collateral review by the Supreme Court; and (3) the rule was previously unavailable. *Id.* This Court should therefore authorize Mr. Roane to file the attached motion in the District Court.

In *United States v. Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). Mr. Roane was convicted of four counts – Counts 6, 9, 12 and 15 of his Second Superseding Indictment – of using a firearm in the commission of a crime of violence

1

or drug trafficking crime. *See* 18 U.S.C. § 924(c). Specifically, three of these counts – Counts 6, 9 and 12 – alleged use of a firearm in the course of predicate offenses committed under both 18 U.S.C. § 1959(a) and 21 U.S.C. § 848(e)(1)(A). Count 15 alleged use of a firearm in the course of predicate offenses committed under 18 U.S.C. § 1959(a).[1]

Prior to the Supreme Court's decision in *Davis,* in order for a predicate offense to qualify as a crime of violence, the underlying crime had to fall under one of § 924(c)'s two definitions: § 924(c)(3)(A)'s "force clause" or § 924(c)(3)(B)'s "residual clause." In *Davis*, however, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). Thus, Mr. Roane's convictions can no longer be supported by this provision.

Nor can Mr. Roane's convictions be upheld under the elements-based, categorical analysis required by the force clause because some of the predicate offenses with which he was charged can be committed without the use of physical force.[2] Accordingly, after *Davis*, Mr. Roane's four convictions under § 924(c) are void and must be vacated.

---

[1] In addition each of these § 924(c) crimes also charged as a predicate crime a violation of 21 U.S.C. § 846.

[2] The predicate crimes with which Mr. Roane was charged and which the jury was instructed it could find, include 18 U.S.C. § 1959, which permits a finding of guilt upon proof of conspiracy, and 21 U.S.C. § 848(e), which permits a finding of guilt

As set forth below, Mr. Roane makes the required *prima facie* showing that his proposed claim falls within the scope of § 2255(h)(2), which is "'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). He respectfully requests that the Court authorize him to file the proposed successive § 2255 motion.

## **PROCEDURAL HISTORY**

Following a jury trial in the Eastern District of Virginia, Mr. Roane was convicted in 1993 of several counts, including the four § 924(c) counts at issue in this motion, five counts of violating § 1959(a) in relation to four killings and a maiming in furtherance of racketeering, and three counts of violating § 848(e)(1)(A) in relation to three of the killings in furtherance of a continuing criminal enterprise (CCE). This Court affirmed. *See United States v. Tipton*, 90 F.3d 861, 869-70 (4th Cir. 1996). The Supreme Court denied certiorari. *Roane v. United States*, 520 U.S. 1253 (1997).

Mr. Roane subsequently filed a motion under 28 U.S.C. § 2255 in the district court and was granted relief as to one of the § 848 counts. *See* Order, *United States v. Roane*, No. 92-68 (E.D. Va. May 1, 2003). This Court reversed as to the grant of

based upon proof that the defendant counseled or procured the killing of another. Neither of these offenses requires, as an element, the use of force by the defendant.

relief and otherwise affirmed the opinion of the district court. *United States v. Roane*, 378 F.3d 382, 411 (4th Cir. 2004). The Supreme Court again denied certiorari. *Roane v. United States*, 546 U.S. 810 (2005).

In 2009, Mr. Roane sought approval from this Court to file a second or successive § 2255 motion on the basis of newly discovered evidence demonstrating that Mr. Roane is actually innocent of one of the § 848 convictions. The Court denied leave to file this successive motion, however. Order, *In re Roane*, No. 09-8 (4th Cir. July 13, 2010). Mr. Roane also filed an original habeas petition in the Supreme Court, which was denied. *In re Roane*, 132 S. Ct. 390 (2011).

In 2016, Mr. Roane applied to this Court for leave to file a successive motion under § 2255 pursuant to the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This Court denied the application. Order, *In re Roane*, No. 16-6 (4th Cir. June 6, 2016).

On June 24, 2019, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally void for vagueness in violation of the Fifth Amendment's guarantee of due process. Mr. Roane now applies to file a second or successive motion under *Davis* and pursuant § 2255(h)(2). This application is timely, as it is filed within one year of the date that *Davis* was decided. *See* §§ 2255(f) and (h)(2).

# STATUTES INVOLVED

## 21 U.S.C. § 848(e)(1)(A)

Section 848(e)(1)(A), in pertinent part, provides:

In addition to the other penalties set forth in this section—

**(A)** any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

## 18 U.S.C. § 1959(a)

Section 1959(a), in pertinent part, provides:

Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—

(1) for murder, by life imprisonment,[3] or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both

\*\*\*

(2) for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;

---

[3] Congress amended the statute to authorize death sentences in 1994, after Mr. Roane's trial. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, § 6003(a)(12) (1994).

***

(5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both; and

(6) for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine of [sic] under this title, or both.

## 18 U.S.C. § 924

Section 924(c)(1)(A), in pertinent part, provides:

[A] person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [be punished in accordance with this statute].

Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and–

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## ARGUMENT

Mr. Roane sets forth below a *prima facie* case that the predicate offenses

underlying his four convictions for the use of a firearm during a crime of violence

6

do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). Under *Davis*, the residual clause of § 924(c)(3)(B) is void for vagueness. The validity of Mr. Roane's four § 924(c) convictions thus depends on one of these crimes qualifying as a crime of violence under the force clause. However, under case law from within and outside this circuit, Mr. Roane's convictions under §§ 1959(a) and 848(e)(1)(A) are not categorically crimes of violence under the force clause of § 924(c)(3)(A). Consequently, after *Davis*, Mr. Roane's convictions are unconstitutional and invalid and must be vacated.

## I.  MR. ROANE'S MOTION MEETS THE REQUIREMENTS OF § 2255.

When presented with a § 2255 motion, it is the role of this Court to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244]." 28 U.S.C. § 2255(h); *United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody").

In particular, a movant is entitled to authorization if he makes a prima facie showing that his claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii)

was previously unavailable. 28 U.S.C. § 2255(h)(2). This Motion plainly satisfies each of these requirements and should be granted.

The question of whether Mr. Roane would succeed on the merits before the District Court is not one for this Court to consider at this juncture. *See In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding.").

Accordingly, Mr. Roane respectfully submits that this Court's inquiry should be squarely focused on whether Mr. Roane meets the standard set forth in 28 U.S.C. § 2255(h), which he does. First, the *Davis* holding relates directly to Mr. Roane's convictions and is a new rule of constitutional law. Second, the *Davis* holding was made retroactive to cases on collateral review by the Supreme Court. Third, the new rule of constitutional law set forth in *Davis* was previously unavailable to Mr. Roane. Lastly, each of Mr. Roane's § 924(c) convictions rests on at least one predicate crime that is not a crime of violence under the force clause so can no longer be sustained in the wake of *Davis* For these reasons, Mr. Roane's Motion for Authorization should be granted.

## II. MR. ROANE'S MOTION IS TIMELY.

Mr. Roane's § 2255 Motion is timely. Under 28 U.S.C. § 2255(f), a § 2255 motion must be filed within a one-year limitations period. Where, as here, the

motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Davis* on June 24, 2019. Because this application has been filed within one year of that date (*i.e.*, before June 24, 2020), the attached § 2255 Motion is timely.

### III.  DAVIS ANNOUNCED A NEW RULE.

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated," the Court has made clear, "unless it would have been apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

The rule set forth in *Davis* is plainly new. Mr. Roane's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that the residual clause in § 924(c) might be unconstitutional. Prior to July 1996, the Supreme Court had construed the language of the residual clause of § 924(c)(3)(B), but had never held that it was constitutionally problematic. *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227-28 (1993).

And although Mr. Roane has argued in prior motions that earlier Supreme Court holdings had been a sufficient basis for a § 2255(h)(2) application, *Davis*'s rule is new notwithstanding these prior holdings because (i) the result in *Davis* was not dictated by existing precedent when Mr. Roane's conviction became final in 1996; and (ii) in any event, unlike prior opinions issued by the Court, the *Davis* ruling directly invalidates § 924(c)(3)(B). *See, e.g.*, *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ("the *Davis* rule resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.").

## IV. *DAVIS*'S RULE IS CONSTITUTIONAL IN NATURE.

There is no dispute that *Davis* announced a *constitutional* rule in holding that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally void under the Due Process Clause. 138 S. Ct. at 1216; *id.* at 1223-24. Because the Supreme Court held that the statute itself is unconstitutional, the rule in *Davis* is constitutional in nature. *U.S. v. Littlejohn*, 2020 WL 639642 (4th Cir., Feb. 11, 2020) ("The § 924(c) residual clause is unconstitutionally vague"). *See also Welch*, 136 S. Ct. at 1261 (reaffirming that "the void-for-vagueness doctrine" is "mandated by the Due Process Claus[e] of the Fifth Amendment").

**V.    THE SUPREME COURT MADE *DAVIS* RETROACTIVE TO CASES ON COLLATERAL REVIEW.**

*Davis*'s new rule was also "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. §  2255(h)(2).  The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule."  *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002).

Here, the retroactive application of *Davis* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively."  *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013).  *Davis*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms."  *Schriro*, 542 U.S. at 351-52.  *See also*, *Reece*, 938 F.3d at 635 ("[T]he rule announced in *Davis* meets the standard for a new substantive rule.")

In particular, *Davis* establishes that, pursuant to the Due Process Clause, some convictions pursuant to § 924(c) cannot be considered crimes of violence.  Thus, *Davis* renders some conduct that was formerly criminal no longer criminal under the § 924(c) statute.  *See, e.g.*, *U.S. v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that after *Davis*, VICAR based on kidnapping under Virginia law is no longer a § 924(c) crime of violence).

11

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1266. *Welch's* reasoning applies with even more force here because *Davis* not only alters sentences, but renders a class of people once subject to § 924(c) liability entirely innocent.

In light of this precedent, it is clear that *Davis* is retroactive to cases on collateral review. *See, e.g.*, *U.S. v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting a certificate of appealability where the parties agreed that *Davis* applies retroactively). *See also*, *U.S. v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (holding that the rule announced in *Davis* meets the standard for a new substantive rule and applies retroactively.); *In re: Mullins*, 942 F.3d 975 (10th Cir. 2019) (same); *In re: Hammond*, 931 F.3d 1032 (11th Cir. 2019) (same).

## VI. *DAVIS'S* NEW RULE WAS PREVIOUSLY UNAVAILABLE TO MR. ROANE.

The constitutional rule announced in *Davis* was not previously available to Mr. Roane during direct review which concluded in 1996 or during his prior §2255 filings. He unsuccessfully attempted to raise constitutional vagueness challenges to his § 924(c) convictions pre-*Davis* in his prior motion for authorization.

## VII. MR. ROANE'S CONVICTIONS UNDER § 1959(A) AND § 848(E)(1)(A) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(C)(3)(A).

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Davis*, Mr. Roane's four convictions under § 924(c) must qualify as crimes of

violence under § 924(c)(3)(A)'s force clause to remain valid.  However, the offenses in this case, under §§ 1959(a) and 848(e)(1)(A), do not qualify as crimes of violence under the force clause.

To qualify as a crime of violence under the force clause, an offense's elements must "require the actual, attempted, or threatened use of physical force."  *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).  The force clause requires more than just the application of force by someone against an individual.  "Rather, the relevant inquiry is whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime."  *United States v. Fuertes*, 805 F.3d 485, 500 (4th Cir. 2015) (emphasis in original).  Thus, it is not enough that the defendant's actions may cause another person to apply force against the victim.  *Id.*; *accord United States v. Naughton*, 621 F. App'x 170, 177 (4th Cir. 2015) (holding that *Fuertes* "foreclosed" argument that use of force by others could be sufficient under force clause).

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Simms*, 914 F.3d at 233; *Fuertes*, 805 F.3d at 498.  This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of

13

violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also Simms*, 914 F.3d at 233 (the categorical approach requires courts to consider "only the crime as defined, not the particular facts in the case").

Applying the categorical approach, Mr. Roane's convictions under §§ 1959(a) and 848(e)(1)(A) fail to qualify as crimes of violence under § 924(c)(3)(A)'s force clause because they do not categorically require the use of any force by the defendant. Because these underlying offenses do not require the government to prove that the defendant used physical force, they do not qualify as crimes of violence under the force clause of § 924(c)(3)(A). *See, e.g., Simms*, 914 F.3d at 233, ("When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause.").

### A. Mr. Roane's Convictions under 18 U.S.C. 1959(a) Do Not Qualify as Crimes of Violence under the Force Clause of § 924(c)(3)(A).

Mr. Roane, along with his codefendants, was convicted of five counts of violating § 1959(a) in relation to four killings and a maiming (Counts Seven, Ten, Thirteen, Fourteen, and Sixteen). In relevant part, § 1959(a) allows for conviction of anyone who murders or maims in aid of racketeering, "or attempts or conspires to do so." Consistent with the charging statute, Mr. Roane's jury was instructed that it could find him guilty of the § 1959 predicate offenses if it found that he "did

14

knowingly and intentionally commit *or conspire to commit* the crime charged in the particular count under consideration." App. C at 16 (emphasis added). The jury was not required to make any finding specifying on what ground it convicted Mr. Roane of the § 1959 charges. App. C at 51-53.

Under the categorical approach, this Court must determine whether "the most innocent conduct" criminalized by the statute "qualifies as a 'crime of violence.'" *United States v. Torres-Miquel*, 701 F.3d 165, 167 (4th Cir. 2012); *see also Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (under the categorical approach, "we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized." (quoting *Johnson v. United States,* 559 U.S. 133, 137 (2010)); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015); *United States v. Kelly*, 422 F.3d 889, 894 (9th Cir. 2005).

Applying this approach, this Court must assume the jury convicted Mr. Roane based on "the most innocent conduct" charged under § 1959(a)—conspiracy, rather than actual murder or maiming. This Court has held that, under the categorical approach, conspiracy to commit murder in aid of racketeering under § 1959(a) is not a crime of violence. *United States v. McCollum*, 885 F.3d, 300, 307-09 (4th Cir. 2018); *see also Quinteros v. Attorney General of the United States*, 945 F.3d 772, 783 (3rd Cir. 2019) (conspiracy under § 1959(a) is not a crime of violence because an individual can be convicted "without the use, attempted use, or threatened use of

15

physical force"). Indeed, courts around the country have held generally that conspiracy is not a crime of violence. *See, e.g., United States v. Climico*, 802 Fed.Appx. 599 (2nd Cir. 2020) (conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)); *United States v. Jones*, 935 F.3d 266, 270 (5th Cir. 2019) ("RICO conspiracy is not a § 924(c) crime of violence."); *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)).

Because this Court must assume that Mr. Roane's § 1959(a) convictions rested on the most innocent conduct charged under the statute—conspiracy—the § 1959(a) convictions do not constitute a crime of violence under the force clause of § 924(c)(3)(A).[4]

### B. Mr. Roane's Convictions under 21 U.S.C. § 848(e)(1)(A) Do Not Qualify as Crimes of Violence under the Force Clause of § 924(c)(3)(A).

Mr. Roane, along with his codefendants, was also charged with three counts of violating § 848(e)(1)(A) in relation to three of the killings (Counts Five, Eight, and Eleven). Mr. Roane's convictions under § 848(e)(1)(A) likewise do not

---

[4] This is not the only reason the predicate § 1959 offenses charged in Mr. Roane's indictment fail to qualify as crimes of violence, but this reason provides a *prima facie* basis for his claim. Please see the attached successor motion at pp. 16-26 for additional reasons the offenses do not qualify.

categorically qualify as crimes of violence under § 924(c)(3)(A) because they do not require any use of force by the defendant.

Section 848(e)(1)(A) provides, in pertinent part, that a defendant may be found guilty if, in furtherance of a CCE, he either "intentionally kills" *or* "counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results." (emphasis added). Accordingly, the trial court charged the jury that it could find Mr. Roane guilty of the counts charged under § 848(e)(1)(A) if it found that he "either intentionally killed, *or counseled, commanded, induced, procured, or caused* the intentional killing of the individual victim named in a particular count." App. C at 13 (emphasis added). The jury was not required to make any finding specifying on what ground it convicted Mr. Roane of the § 848(e)(1)(A) charges. App. C at 51-52.

As with Mr. Roane's § 1959 convictions, this Court must determine whether "the most innocent conduct" criminalized by the statute "qualifies as a 'crime of violence.'" *Torres-Miquel*, 701 F.3d at 167. Here, a violation of § 848(e)(1)(A) does not require the use of force by the defendant, as the conviction can rest on a finding that the defendant merely "counseled, commanded, induced, procured, or caused" the killing. In other words, the jury was permitted to convict Mr. Roane even if it did not find that he actually "use[d] physical force against the victim in completing the crime." *See Fuertes*, 805 F.3d at 500 (4th Cir. 2015). Such a

conviction does not satisfy § 924(c)(3)(A)'s force clause.  *See id.*; *Naughton*, 621 F. App'x at 177.[5]

Because Mr. Roane's § 848(e)(1)(A) convictions do not require the use of physical force by the defendant, these convictions cannot serve as a predicate crime of violence under the force clause.

**C. This Court Cannot Assume that Mr. Roane's § 924(c) Convictions Rested on the Predicate Offenses as Drug Trafficking Crimes Because the Jury Was Charged Generally**

Section 924(c)(3)(A) allows for conviction for use of a firearm in relation to a crime of violence or drug trafficking crime.  In this case, the jury was permitted to convict Mr. Roane of the § 924(c) charges under the theory that the predicate offenses constituted *either* crimes of violence *or* drug trafficking crimes and was not required to specify which theory it convicted under.  *See* App. C at 16 (trial court instructing the jury that "[t]he offenses alleged in Counts…Five, Seven, Eight, Ten, Eleven, Thirteen, Fourteen, [and] Sixteen…are *crimes of violence or* drug trafficking crimes" (emphasis added); App. C at 51-52 (verdict forms). Courts, including this one, have also categorized 21 U.S.C. § 848(e) as a "crime of violence." *See United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (concluding that § 848(e)(1)(A) is "a substantive crime of violence"); *United States v. NJB*, 104 F.3d 630, 635 (4th

---

[5] Again, Mr. Roane refers the Court to his attached successor motion for a fuller explication of why § 848(e) does not qualify as a crime of violence.  *See* pp. 26-27.

18

Cir. 1997) (". . . § 848(e) clearly sets forth a separate substantive violent offense . . . ."). Thus, while it is possible that the jury could have found that a firearm was involved in drug trafficking, it is just as possible, and perhaps more likely, that the firearm was used in connection with counseling or procuring another to kill. Therefore, this Court cannot assume that the jury convicted Mr. Roane of the § 924(c) charges based on a finding that the predicate offenses constituted drug trafficking crimes. As established above, Mr. Roane's § 924(c) convictions cannot stand based on the predicate offenses as crimes of violence either; therefore, they must be vacated.

### VIII. MR. ROANE HAS MADE A SUFFICIENT SHOWING OF POSSIBLE MERIT TO FILE A SUCCESSIVE MOTION IN DISTRICT COURT.

This Court should grant Mr. Roane's application to file a second or successive motion pursuant to 28 U.S.C. § 2255(h) because he has made "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)).

The residual clause of § 924(c)(3)(B) is now unconstitutional under *Davis*. Mr. Roane's four convictions under § 924(c) cannot be sustained under the force clause of § 924(c)(3)(A). At a minimum, Mr. Roane has shown that these issues are of possible merit to warrant full exploration in district court. *See Williams*, 330 F.3d at 281.

Indeed, this "'showing of possible merit'" relates only to whether the claims in this application satisfy the requirements for filing a second or successive motion, "not the possibility that the claims will ultimately warrant a decision in favor of the applicant." *Id.* at 282. While "this determination may entail a cursory glance at the merits," the "focus of the inquiry must always remain on the [§ 2255(h)(2)] standards"—that is, whether Mr. Roane's claim relies on a new rule of constitutional law made retroactive by the Supreme Court. *Id.*

Mr. Roane has satisfied this standard by showing that, in light of the new rule of constitutional law announced by the Supreme Court in *Davis* and made retroactive to cases on collateral review, he can now raise a claim of possible merit in district court that his convictions under § 924(c) are invalid.

## CONCLUSION

Because Mr. Roane has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a second § 2255 motion.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Maura McNally
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

Counsel for James H. Roane, Jr.

Dated:  May 22, 2020

## Certificate of Service

I, Peter Williams, hereby certify that on this 22nd day of May 2020, I submitted the foregoing Application for filing with service to:

Dana J. Boente
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Peter Williams
Peter Williams