|  |  |  |
|---|---|---|
| | ) | |
| In re: JAMES ROANE, JR. | ) | |
| | ) | No. 20-7 |
| Movant | ) | |
| | ) | |

**United States' Response to Application to File Successive § 2255**

Defendant received a death sentence in 1993 after a jury convicted him of all three capital murders with which he was charged under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. The convictions under § 848(e)(1)(A) held defendant accountable for the drug-trafficking-related murders of three people—Douglas Moody; Peyton Maurice Johnson; and Louis J. Johnson, Jr. Defendant was also convicted for his role in the murder of a fourth person, Torrick Brown, Jr., in count 14, and in an assault resulting in serious bodily injury to Martha McCoy in count 16.

In addition to his death sentence under § 848(e)(1)(A), and his convictions and sentences on other counts, defendant was also convicted of, among other offenses, four counts under § 924(c). The § 924(c) counts are consecutive to defendant's death sentences and the sentences for other counts.

Defendant now argues that his four § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because, according to him, the predicate

offenses in those § 924(c) counts depend on § 924(c)(3)(B), which *Davis* invalidated as unconstitutionally vague.

This Court has previously denied an application that defendant filed challenging his § 924(c) convictions under a constitutional vagueness theory. *See In re Roane*, No. 16-6, Doc. 13. This Court should deny this new application as well because, just as in defendant's prior application, the constitutionality of § 924(c)(3)(B) makes no difference in defendant's case. None of his § 924(c) convictions depend on § 924(c)(3)(B). Even when a defendant invokes a new rule of constitutional law that the Supreme Court has made retroactive on collateral review, a defendant "must make a 'plausible' claim for relief." *In re Irby*, 858 F.3d 231, 233 (4th Cir. 2017). This Court will not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014).

As described below, and as the attachments to this pleading show, defendant's indictment charged (Attach. 1)—and the jury instructions provided (Attach. 2)—that each of defendant's § 924(c) counts have *both* still-valid drug-trafficking *and* still-valid crime-of-violence predicates. The court instructed the jury that all of the charged predicates are crimes of violence or drug trafficking crimes. (Attach. 2, Tr. at 5,947.) The jury then convicted defendant of every one of the predicate offenses charged in the § 924(c) counts against him. The existence of the valid drug-trafficking predicates alone suffices to uphold his § 924(c)

2

convictions.  But in addition, each § 924(c) conviction rests on a valid drug-trafficking predicate *and* on a valid predicate that satisfies § 924(c)(3)(A).  There is no rational way to interpret the jury verdicts without concluding that the jury accepted predicates that unquestionably are unaffected by *Davis*.  Defendant participated in the series of murders with Richard Tipton and Corey Johnson, and as this Court explained in defendant's direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to their drug-trafficking operation," and the murders occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'"  *United States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996).

Convictions under 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A) remain valid predicates under § 924(c) after *Davis*, and defendant's present application for permission to file a successive § 2255—like his previous application—offers no persuasive argument that § 846 and § 848(e)(1)(A) are not valid predicates.  With those predicates alone, defendant's claim fails.

Defendant argues that the VICAR predicates that were also listed in the § 924(c) counts could not validly serve as predicates under § 924(c)(3)(A).  After his last application, this Court held that VICAR murder satisfies § 924(c)(3)(A), *see United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019), and five of his six VICAR predicates (counts 7, 10, 11, 13, and 14) charged VICAR murder.  But

3

even if defendant were right—and he is not—that his claim about the jury instructions suffices in a successive § 2255 to invalidate the VICAR predicates, or that the three predicates that charged VICAR assault with serious bodily injury and VICAR maiming fail to satisfy § 924(c)(3)(A), none of this would matter. The § 846 and § 848(e)(1)(A) predicates would suffice—particularly when a defendant is raising a procedurally defaulted claim in an application for a successive § 2255.

Even on direct appeal—much less when considering a procedurally defaulted claim in a successive § 2255—this Court and other courts have rejected § 924(c) challenges under plain error when a defendant went to trial and his § 924(c) conviction had one valid predicate and one invalid predicate, and the jury would have found the defendant guilty, relying on just the valid predicate. *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) ("[E]ven assuming that a Hobbs Act robbery is not a crime of violence, Appellants' verdicts may be sustained because the jury found Appellant guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted in Count 2."). The analysis in *Steward* and *Hare* follows a well-settled body of precedent from this Court finding

4

similar errors in alternative theories of liability under § 924(c) to be harmless. *See, e.g., United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Hastings*, 134 F.3d 235, 243–44 (4th Cir. 1998) (erroneous "use" instruction for § 924(c) count harmless given valid "carry" theory).

Although no special verdict specifically identifies the predicate offenses that the jury found, that makes no difference here because the jury convicted defendant of all of the predicate offenses, including the drug-trafficking predicates, and there is no rational way for the jury to have concluded that the drug-related shootings failed to be committed during and in relation to each of the charged drug-trafficking predicates. *See, e.g., United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) ("[I]f the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted).

Other courts have following this Court's precedent above in analyzing errors at trial for convictions under § 924(c). *See, e.g., United States v. Wilson*, – F.3d –, 2020 WL 2603219, at *10 (3d Cir. May 22, 2020) ("The District Court instructed

the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime. And the jury convicted both defendants on both bank-robbery counts. So the instruction about conspiracy did not matter. Even if it was erroneous, any error was harmless.") (citations omitted).

**I.      Background**

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings. His convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And his challenges to his convictions and death sentences were also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), *cert. denied*, 546 U.S. 810 (2005). Defendant remains today subject to valid death sentences.

Defendant's criminal conduct was exceptionally serious—even for homicide defendants. As this Court noted in defendant's direct appeal, the jury convicted him "of all three of the capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 870. Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), five counts of committing acts of violence (including the three killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), four counts of using a firearm in relation to a crime of

6

violence or drug trafficking offense (18 U.S.C. § 924(c)), and one count of possessing cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 870.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's four convictions under § 924(c) each had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses. Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* | |
|---|---|---|---|
| Count 6 | Jan. 13, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 5 | (21 U.S.C. § 848(e)(1)(A), murder of Douglas Moody) |
| | | Count 7 | (18 U.S.C. § 1959, VICAR murder of Douglas Moody) |
| Count 9 | Jan. 14, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 8 | (21 U.S.C. § 848(e)(1)(A), murder of Peyton Maurice Johnson) |
| | | Count 10 | (18 U.S.C. § 1959, VICAR murder of Peyton Maurice Johnson) |
| Count 12 | Jan. 29, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 11 | (21 U.S.C. § 848(e)(1)(A), murder of Louis J. Johnson, Jr.) |
| | | Count 13 | (18 U.S.C. § 1959, VICAR Louis J. Johnson, Jr.) |
| Count 15 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 14 | (18 U.S.C. § 1959, VICAR murder of Torrick Brown, Jr.) |
| | | Count 16 | (18 U.S.C. § 1959, VICAR assault resulting in serious |

bodily injury of Martha
McCoy)

In his application for a successive § 2255 motion, defendant challenges only

his convictions under § 924(c)—counts 6, 9, 12, and 15. As explained below, all

of defendant's § 924(c) convictions remain valid, regardless of *Davis*.

**II.     Analysis**

All but one of defendant's § 924(c) convictions listed as a predicate offense

a count under § 848(e)(1)(A). Section 848(e)(1)(A) readily satisfies both the

definition of a drug-trafficking crime in § 924(c)(2) and the definition of a crime of

violence in § 924(c)(3)(A), both of which are unaffected by *Davis*.

*1.     Section 848(e)(1)(A) counts as a drug-trafficking crime under
       § 924(c)(2) and as a crime of violence under § 924(c)(3)(A).*

At the time of defendant's conviction, the classification of a predicate

offense as a crime of violence or drug-trafficking offense was properly deemed a

question of law for the court. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950

n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of

law for the court, and not a question of fact for the jury. . . . Any error in

submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the

apple' to which he was not entitled."); *see also United States v. McNeal*, 818 F.3d

141, 151 (4th Cir. 2016). In *Davis*, the Supreme Court agreed that the

classification of a predicate offense as a crime of violence is a question of law,

determined using the categorical approach. 139 S. Ct. at 2327–31. Courts

8

therefore determine as a matter of law that an offense, such as Hobbs Act robbery, is categorically a crime of violence. *Mathis*, 932 F.3d at 265–66. Juries are not asked to decide whether they agree on that classification.

A.     *Section 848(e)(1)(A) satisfies § 924(c)(2).*

Section 924(c)(2) defines a "drug trafficking crime" for purposes of § 924(c) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46." An offense under § 848(e)(1)(A) falls within that definition. And as this Court and other courts of appeals have held, the definition of a "drug trafficking crime" in § 924(c)(2) is not unconstitutionally vague. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *Navarro v. United States*, 679 F. App'x 973, 974 (4th Cir. 2017); *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016); *United States v. Parnell*, 652 F. App'x 117, 122 (3d Cir. 2016); *see also Bell v. United States*, 2020 WL 2217255, at *4 (D. Md. May 7, 2020) ("Courts in this circuit have consistently found that convictions under 924(c) which are based on drug-trafficking crimes are undisturbed by" constitutional vagueness doctrine in cases like *Davis*). Hence, defendant cannot show that a conviction under § 848(e)(1)(A) fails to qualify as a valid predicate after *Davis*.

B.     *Section 848(e)(1)(A) satisfies § 924(c)(3)(A).*

An offense under § 848(e)(1)(A) also counts as a crime of violence under § 924(c)(3)(A). The overlap here is not unusual. Many offenses that fell under

9

§ 924(c)(3)(A) would have satisfied § 924(c)(3)(B) before § 924(c)(3)(B) was invalidated.

Under 21 U.S.C. § 848(e)(1)(A), the government must prove that the defendant killed a person. Although § 848(e)(1)(A) has three distinct ways in which a connection is drawn between the killing and the drug trafficking, *United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013), the government must still prove an intentional killing for every violation of § 848(e)(1)(A). Such proof satisfies § 924(c)(3)(A).

This Court has repeatedly held that an offense that requires proof of a murder satisfies, as a matter of law, § 924(c)(3)(A). *See, e.g., Mathis*, 932 F.3d at 264-65 (VICAR murder satisfies § 924(c)(3)(A)); *In re Irby*, 858 F.3d 231, 236, 238 (4th Cir. 2017) (second-degree retaliatory murder is a crime of violence under § 924(c)(3)(A)); *cf. United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) (knowingly engaging in conduct that causes bodily injury in violation of witness retaliation statute satisfies ACCA's elements clause); *United States v. Battle*, 927 F.3d 160, 167 (4th Cir. 2019) (Maryland conviction for assault with intent to murder satisfies ACCA's elements clause "because the offense contemplates an intentional causation of bodily injury").

Insofar as defendant argues that § 848(e)(1)(A) could be violated by a bare omission, this Court has rejected such arguments. *See, e.g., United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020).

10

This Court and the Supreme Court have recognized that crimes of violence and violent felonies encompass crimes "characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon." *United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020) (quoting *In re Irby*, 858 F.3d at 236; *Johnson v. United States*, 559 U.S. 133, 140-41 (2010)). Indeed, given that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*," *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019), it follows that the force need to kill a person suffices. Other courts agree. *United States v. Jones*, 906 F.3d 1325 (11th Cir. 2018) (Florida second-degree murder is a violent felony under the ACCA's elements clause); *Hylor v. United States*, 896 F.3d 1219 (11th Cir. 2018) (Florida attempted first-degree murder is a violent felony under the ACCA's elements clause); *United States v. Teague*, 884 F.3d 726, 728-29 (7th Cir. 2018) (Illinois second-degree murder is a crime of violence under the elements clause of the career-offender guideline); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017) (both murder and attempted murder under Illinois law are violent felonies under the ACCA's elements clause); *United States v. Peeples*, 879 F.3d 282, 286-87 (8th Cir. 2018) (Iowa attempted murder satisfies elements clause of career-offender guideline). Indeed, courts have held that voluntary manslaughter offenses count as crimes of violence under various elements clauses. *See, e.g., United States v. Smith*, 882 F.3d 460 (4th Cir. 2018) (voluntary manslaughter under North Carolina

law satisfies the ACCA's elements clause); *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) (voluntary manslaughter under Missouri law satisfied the pre-2015 elements clause of U.S.S.G. § 2L1.2).

In short, § 848(e)(1)(A) satisfies § 924(c)(3)(A).

C.      *Aiding and abetting liability does not alter which predicate offenses qualify.*

Aiding and abetting liability does not disqualify his predicate offenses. "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery." *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). Thus, "an aider and abettor of a Hobbs Act robbery necessarily commits a crime that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.*

This Court recently confirmed that accessory liability for a crime of violence is itself a crime of violence, rejecting a defendant's argument that § 924(e)(2)(B)(ii) requires "that the defendant himself used the necessary force." *United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189–90 (2007) (noting that "every jurisdiction" has abolished distinctions between principals and aiders and abettors and concluding aiding and abetting thus matched the generic definition of theft). As this Court explained in *United States v. Brayboy*, 789 F. App'x 384, 385 (4th Cir. 2020),

12

other circuits to have addressed this question agree. *See, e.g.*, *United States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1215–16 (10th Cir. 2018); *see also United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019); *see also United States v. Buie*, – F.3d –, 2020 WL 2781311, at *4 (6th Cir. May 29, 2020).

It is therefore irrelevant in assessing § 848(e)(1)(A) under § 924(c)(3)(A) that § 848(e)(1)(A) encompasses aiding and abetting liability. Moreover, even if this Court were to agree with defendant that aiding and abetting liability poses a problem under § 924(c)(3)(A), defendant's argument about what constitutes a use of force would be irrelevant under the definition of a drug-trafficking crime in § 924(c)(2).

>    **2.    *Defendant's conviction under 21 U.S.C. § 846 qualifies as a drug-trafficking offense under § 924(c)(2).***

As already discussed above, the Supreme Court's constitutional vagueness doctrine does not invalidate the definition in § 924(c)(2), and an offense under § 846 readily satisfies that definition. Defendant does not contend otherwise. Given that each one of defendant's § 924(c) convictions has a predicate under § 846, that alone justifies denying defendant's application. Once it is accepted that § 848(e)(1)(A) and § 846 are valid predicates for § 924(c), it follows that each of defendant's § 924(c) offenses has at least one or more valid predicates.

### 3. *Defendant's VICAR convictions satisfy § 924(c)(3)(A).*

This Court has already held that a VICAR murder offense satisfies § 924(c)(3)(A). *Mathis*, 932 F.3d at 264-65. Likewise, in *United States v. Keene*, 955 F.3d 391 (4th Cir. 2020), this Court described the relationship between a particular VICAR enumerated offense—there, assault with a dangerous weapon— and the state law referenced in the VICAR statute. As this Court explained, under the VICAR statute in § 1959, "the statutory language at issue requires only that the defendant's *conduct*, presently before the court, constitute one of the enumerated federal offenses as well as the charged state crime." *Id*. at 393. Under this approach, a defendant's VICAR offense can be no broader than the enumerated federal offense, and defendant's VICAR offense of assault resulting in serious bodily injury satisfies § 924(c)(3)(A) under authority like *Allred* and *Battle*. *See also Cisneros v. United States*, 2019 WL 6048044, at *4 (W.D. N.C. Nov. 14, 2019) ("Assault with a dangerous weapon or assault resulting in serious bodily injury therefore categorically qualifies as a crime of violence under § 924(c)'s force clause."); *cf. United States v. Bates*, – F.3d –, 2020 WL 2761051, at *3 (11th Cir. May 28, 2020) (assault resulting in bodily injury or assault with a dangerous weapon under 18 U.S.C. § 111(b) satisfies § 924(c)(3)(A)) (collecting cases from five other circuits); *United States v. Gobert*, 943 F.3d 878 (9th Cir. 2019) (assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) satisfies § 924(c)(3)(A)).

14

Defendant's argument for disqualifying the VICAR predicates seems to be principally to invoke a portion of the VICAR jury instructions that referred to conspiracy. But as discussed below, defendant cannot show that the jury relied on a conspiracy theory of liability. In any event, for the reasons discussed below, defendant cannot show any entitlement to relief even without reaching the validity of the VICAR counts.

### 4. Because § 848(e)(1)(A) and § 846 are valid predicates for § 924(c), defendant's application for a successive petition must be denied.

Given the validity of the § 848(e)(1)(A) and the § 846 predicates, defendant would not be entitled to relief even on direct appeal. Those predicates alone would suffice to uphold defendant's § 924(c) convictions—even assuming that this Court rejected the government's arguments about the § 1959 offenses.

Even on direct appeal, when there is no special verdict form to establish harmlessness, the United States can satisfy its burden of showing harmlessness beyond a reasonable doubt of an alternative theory of liability when the jury's verdict shows that they would have convicted relying solely on a valid theory of guilt. *See, e.g., Jefferson*, 674 F.3d at 361 ("[I]f the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted).

And when a defendant raises a claim like defendant's on direct appeal under plain error, defendant would even more clearly would lose, as illustrated by *Steward*, *Robinson*, and *Hastings*.

But in seeking permission to file a successive § 2255 on a claim that he procedurally defaulted, defendant faces a far greater obstacle to relief than a defendant on direct appeal. Collateral review "is an extraordinary remedy" that "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citation omitted). Once direct review is completed, "a presumption of finality and legality attaches to the conviction and sentence," *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (citation omitted), and courts are "entitled to presume" that the defendant's conviction and sentence are lawful, *United States v. Frady*, 456 U.S. 152, 164 (1982).

Because defendant long ago exhausted his direct appeal, harmlessness standards are less stringent on collateral review. *See, e.g., United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013) (citing *Brecht*, 507 U.S. at 623); *cf. Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) ("In a collateral proceeding, the test is different. For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'") (quoting *Brecht*, 507 U.S. at 637; *United States v. Lane*, 474 U.S. 438, 449 (1986)). Moreover, defendant must also overcome

16

procedural default. *Bousley*, 523 U.S. at 621–22; *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012).

Defendant also cannot obtain relief in a successive § 2255 for a nonconstitutional claim about jury instructions. Indeed, if his challenge is not viewed as a type of instructional error, but as a challenge to the sufficiency of his § 924(c) convictions, then his claim again fails. Where a single count rests on multiple factual theories of liability, and a defendant challenges the sufficiency of the evidence, courts simply review the trial record to determine if the evidence was sufficient as to any one of the alternative theories. *See Griffin v. United States*, 502 U.S. 46, 56–57 (1991); *see also United States v. Moye*, 454 F.3d 390, 401 (4th Cir. 2006) (en banc) (So long as there is sufficient evidence supporting one of several alternative factual theories of liability, "*Griffin* prevents [an appellate court] from tampering with the jury's verdict"). An error in the jury instructions would not suffice to grant an acquittal. *See Musacchio v. United States*, 136 S. Ct. 709 (2016).

Finally, even if he had a valid challenge to the § 924(c) offenses, that would provide no basis to disturb his death sentence. He did not receive a death sentence on the § 924(c) counts, and he offers no argument that the existence of the § 924(c) counts—as opposed to the facts supporting those counts—affected the death sentence imposed for his convictions under § 848. Even if defendant could vacate the § 924(c) counts—and he cannot—such a ruling should have no effect on his

death sentence. *See, e.g., United States v. Chaney*, 911 F.3d 222, 226 (4th Cir.

2018) (affirming district court's ruling removing invalid conviction under 18

U.S.C. § 922(g)(1) while leaving carjacking conviction and sentence undisturbed)

(citing *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007)).

### III.    Conclusion

For the reasons stated above, this Court should deny defendant's application

for permission to file a successive § 2255 motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    _____/s/_____

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

## Certificate of Service and Compliance

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27.  I also certify that on June 2, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____

Richard D. Cooke

Assistant United States Attorney

U.S. Attorney's Office

Eastern District of Virginia

919 East Main Street, Suite 1900

SunTrust Building

Richmond, Virginia 23219

(804) 819-5471

richard.cooke@usdoj.gov
