# APPENDIX A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. 20-7

_____

### In re James H. Roane, Jr.,

### Movant.

_____

## REPLY IN SUPPORT OF APPLICATION TO
## FILE SECOND OR SUCCESSIVE
## MOTION PURSUANT TO 28 U.S.C. § 2255(h)

_____

## CAPITAL § 2255 PROCEEDINGS

Peter Williams
Maura McNally
Assistant Federal Defenders
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

June 9, 2020

This Court's only inquiry at this stage is whether Mr. Roane has made a prima facie showing that his claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii) was previously unavailable. 28 U.S.C. § 2255(h)(2). The United States' Response to Mr. Roane's Motion for Authorization ("Response") does not contest that Mr. Roane has made this prima facie showing but instead inappropriately focuses exclusively on the merits of Mr. Roane's claims. Ignoring his prima facie showing and reframing collateral questions that would be considered by the district court, the Government erects a series of procedural strawmen. The Government's effort to shift attention from Mr. Roane's claim under *United States v. Davis*, 139 S. Ct. 2319 (2019)—which clearly "warrant[s] a fuller exploration by the district court," is ultimately unavailing. *In re Hubbard*, 825 F.3d 225, 232 (4th Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). This Court should grant Mr. Roane's Motion because he clears what this Court has called the "relatively low bar" that a movant must overcome at this stage by satisfying each of the § 2255 requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230–31. In addition, the Government's fact-based harmless error or plain error review does not apply, and, under the

1

modified categorical approach, Mr. Roane's § 924(c) convictions can no longer stand.

## I. MR. ROANE'S MOTION MEETS THE PRIMA FACIE SHOWING OF § 2255.

This Court's inquiry is to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)(3)]." 28 U.S.C. § 2244(b)(3); 2255(h); *United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011). The Government utterly fails to address the prima facie elements governing this Court's evaluation of the Motion—whether a "new rule of constitutional law, made retroactive to cases on collateral view by the Supreme Court that was previously unavailable" applies to Mr. Roane's claim. 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(C). The Government all but concedes that the answer to this question is unequivocally "yes."

*Davis* certainly relates directly to Mr. Roane's convictions and is a new rule of constitutional law. 139 S. Ct. 2319. Furthermore, the Supreme Court made *Davis* retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(h)(2); *see, e.g., U.S. v. Dixon*, 789 Fed. Appx. 371 (4th Cir. 2020) (granting certificate of appealability where parties agreed *Davis* applies retroactively. Because *Davis* was made available *after* Mr. Roane's direct review concluded in 1997, he satisfies the threshold for a Motion for Authorization.

The Government ignores that this Court's inquiry should be merely a glancing one, instead delving deep into the merits of Mr. Roane's claim. For this Court to follow the Government's lead, it would reach beyond established precedent. *See Hubbard*, 825 F.3d at 231 ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding.").

Moreover, the Government's argument about the constitutionality of § 924(c)(3)(B) has no support. As Mr. Roane showed in his Motion, his § 924(c) convictions are directly impacted by *Davis*, which held that the residual clause of § 924(c)(3)(B) is unconstitutional. *See* Motion at 6-7. Likewise, the Government's assertion that none of Mr. Roane's convictions depended on § 924(c)(3)(B) is incorrect as a matter of fact and the law. The Government merely cites to *In re Irby* to establish that Mr. Roane "must make a 'plausible' claim for relief" 858 F.3d 231, 233 (4th Cir. 2017), yet proceeds to make a merits argument that is properly suited for the district court. *See e.g. Hubbard*, 825 F.3d at 231; *Williams*, 330 F.3d at 282 ("While this determination may entail a cursory glance at the merits . . . the focus of the inquiry must always remain" on the prima facie standard).

**II. The Modified Categorical Approach Controls the Analysis Where the Predicates for § 924(c) Convictions Cannot Be Identified with Certainty.**

The Government's analysis is not only premature, it ignores the categorical approach, a well-established standard in Fourth Circuit and Supreme Court caselaw. As detailed in Mr. Roane's proposed Motion to Vacate, this Court applies the categorical approach to determine whether a crime constitutes a valid § 924(c) predicate. *See United States v. Evans,* 848 F.3d 242, 245–46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). To conduct this analysis, courts must "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Simms*, 914 F.3d 229, 233 (4th Cir.) (en banc) *cert. denied*, 140 S. Ct. 304, 205 L. Ed. 2d 196 (2019). If necessary, the court may employ the modified categorical approach, and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)), *cert. denied Uhuru v. United States*, 140 S. Ct. 639 (2019).

Applying this approach, the record does not establish Mr. Roane's § 924(c) predicates with the requisite "certainty," the fact-based, harmless error or plain error analysis proposed by the Government does not apply, and Mr. Roane's § 924(c) convictions must be vacated. In the alternative, Mr. Roane requests that his

4

Motion for Authorization be held in abeyance until *United States v. Taylor* is resolved by this Court.[1]

**A.     The Modified Categorical Approach Is Used to Determine the Predicates upon Which § 924(c) Convictions Rest.**

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents—indictment, jury instructions, and verdict—establish with "certainty" that the defendant was "necessarily" convicted of an offense that qualifies as a valid § 924(c) predicate. *Shepard v. United States*, 544 U.S. 13, 21, 25-26 (2005)21, 25–26; *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010) ("plausibility or even likelihood" is not enough).

When the *Shepard* documents do not conclusively establish the predicate, the court must assume that the defendant was convicted of the "least serious" offense. *United States v. Vann*, 660 F.3d 771, 775 (4th Cir. 2011) (en banc); *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012).  A § 924(c) conviction cannot be sustained if one of the possible predicates is not categorically a crime of violence.  *United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762, at *6-7 (E.D. Va. Sept. 25, 2019) (vacating § 924(c) conviction post-*Davis* because

---

[1] This Court recently granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) (2018) conviction is subject to vacatur where the indictment charged multiple predicates, one of which is invalid," a strong indication that Mr. Roane's claims are more than plausible.  Order, *United States v. Taylor*, No. 19-7616 (Feb. 12, 2020 4th Cir.).

jury could have based § 924(c) verdict on an offense not constituting crime of violence); *United States v. Berry*, No. 3:09-cr-00019, 2020 WL 591569, at *3 (W. D. Va. Feb. 6, 2020) (same); *United States v. Lettiere*, No. CR 09-049-M-DWM, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018) (same).

Here, the *Shepard* documents fall far short of establishing with "certainty" the predicates upon which the § 924(c) convictions relied, identifying as many as four types of § 1959 conduct and just as many types of § 848(e) conduct. Without wading into the kind of merits discussion provided in Mr. Roane's proposed Motion to Vacate and reserved for the district court, even a brief glance at these two statutes makes clear his § 924(c) convictions can no longer be sustained. First, the jury instructions allowed for § 924(c) convictions based on § 1959 conspiracy. App. C at 16.[2] The Fourth Circuit has made clear that conspiracy does not qualify as a categorical "crime of violence" and thus cannot support a § 924(c) conviction. *Simms*, 914 F.3d at 233–34. Second, according to the jury instructions, Mr. Roane could have been guilty of § 924(c) based on §848(e) if he "*either* intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing. App. C at 13 (emphasis added). Like conspiracy, "counseling" or "commanding" only requires interaction with others regarding the underlying actions. And like

_____

[2] Mr. Roane cites to the Appendix filed with his Motion for Authorization filed in this Court on May 22, 2020.

conspiracy, such an interaction with a third-party "does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 234. Because the jury could have convicted Mr. Roane of carrying a firearm for either of these offenses and neither qualifies as a valid § 924(c) predicate, even an inquiry beyond a cursory glance demonstrates the § 924(c) convictions are no longer supported. *See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012); *United States v. Vann*, 660 F.3d at 774-75 (4th Cir. 2011) (en banc).

**B.  The Government's Factually Based Harmless Error Analysis Is Inapposite.**

The Government argues that ambiguity "makes no difference," urging this Court to ignore the binding precedent in the Supreme Court and this Circuit requiring the modified categorical approach (which forbids a factual inquiry) and instead conduct a fact-based harmless error analysis. But harmless error analysis does not allow the Court to simply switch to a fact-based inquiry when faced with an error requiring the modified categorical approach.

When evaluating the kind of *Shepard*-error described above, this Circuit and others have remained faithful to the modified categorical approach, rejecting any alternative factual inquiry. *See United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012) (applying modified categorical approach and looking only to approved *Shepard* documents even on plain error review); *United States v. Dantzler*, 771

7

F.3d 137, 148 (2d Cir. 2014) (same); *United States v. Castillo-Marin*, 684 F.3d 914, 926 (9th Cir. 2012) (same).

Although these cases involved plain error on direct appeal, they are controlling here because the third prong of plain error analysis—the prejudice inquiry— is identical to the harmless error inquiry on collateral review. Both ask whether the error had a "substantial and injurious effect" on the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). In conducting this "substantial and injurious effect" inquiry, this Court in *Boykin* and its sister circuits in *Dantzler* and *Castillo-Marin* refused to engage in a fact-based analysis. *See United States v. Boykin*, 669 F.3d 467, 472 (4th Cir. 2012); *United States v. Dantzler*, 771 F.3d 137, 148 (2d Cir. 2014); *United States v. Castillo-Marin*, 684 F.3d 914, 926 (9th Cir. 2012). Instead, these three courts faithfully followed the modified categorical approach and, without looking to the facts, concluded the defendant's substantial rights were affected because the *Shepard* error resulted in an increase in sentence. *Id*. Likewise, Mr. Roane's substantial rights were also affected because not only did the § 924(j) charges here add numerous consecutive years to his sentence, they resulted in invalid convictions. [3]

---

[3] The Government argues that setting aside Mr. Roane's § 924(c) convictions would not affect his death sentence, Response at 17-18, an argument Mr. Roane himself has not made. In any event, the Government's argument has no place in a

In refusing to adhere to the correct harmless error analysis in *Boykin*, and instead asking the Court to presume, based on the *facts* of the case, that Mr. Roane's § 924(c) convictions *could* have rested on valid predicates, the Government does an end run around the categorical/modified categorical approach, which forbids "evidentiary inquiries into the factual basis" to determine what the jury *could* have found. *Shepard*, 544 U.S. at 20; *Fuertes,* 805 F.3d at 498 (explaining in context of a § 924(c) analysis that "[t]he point of the categorical inquiry is not to determine whether the defendant's *conduct could* support a conviction for a crime of violence, but to determine whether the defendant *was in fact* convicted of a crime that qualifies as a crime of violence.").

And the harmless error cases cited by the Government are inapposite because none evaluated an element requiring the application of the categorical/modified categorical approach. *United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010); *United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998); *United States v. Jefferson,* 674 F.3d 332, 361 (4th Cir. 2012).[4]

---

prima facie determination of whether Mr. Roane was convicted of conduct that is not criminal and should have those convictions vacated.

[4] Although *United States v. Steward,* 793 F. App'x 188, 190 (4th Cir. 2019) involved the § 924(c) "crime of violence" element, it is an unpublished decision with little reasoning, altogether fails to address the application of the categorical/modified categorical approach, and is neither binding nor persuasive. *United States v. Wilson*, – F.3d –, 2020 WL 2603219 (3d. Cir. May 22, 2020), suffers from identical flaws.

The fact-based analysis proposed by the Government would defeat the purpose of the elements-based categorical/modified categorical approach. *See Shepard*, 544 U.S. at 20; *see also Fuertes*, 805 F.3d at 498. Adopting its inquiry would result in the very fact-based approach that the Supreme Court rejected in *Davis* for the § 924(c) "crime of violence" definition.

Here, the *Shepard* documents do not establish that Mr. Roane was necessarily convicted of a § 924(c) conviction based on a valid predicate. Under *Chapman* and *Vann*, the predicate is assumed to be the "least serious" offense, for example, § 1959 conspiracy. In turn, Mr. Roane was wrongfully convicted of a § 924(c) offense—an error that is plainly harmful.

Moreover, the jury instructions allowed for a non-unanimous verdict on the underlying offense, underscoring the ambiguity and harmfulness of the *Shepard* errors. Despite the Government's claims, being convicted of the underlying offenses does not lend credence to Mr. Roane's § 924(c) convictions.[5] Section 924(c) is an entirely separate offense that requires, as an additional element, the use of a firearm *during and in relation to* the underlying predicate offense. *See*

---

[5] The Government's citation to *United v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016), is equally unpersuasive because, in that case, the Court explicitly relied on the fact that the jury's special verdict form "clearly show[e]d" the predicates underlying the § 924(c) verdict.

*Smith v. United States*, 508 U.S. 223, 227–28 (1993).  The court specifically instructed Mr. Roane's jury it could base § 924(c) guilt on a range of possible predicates under § 1959 and § 848(e), App. C at 16, without requiring unanimity on any one underlying offense.  Some jurors could have convicted based on use of firearm during and in relation to § 1959 conspiracy (no longer a valid offense post-*Davis*), while others could have convicted based on § 848(e) counseling or on § 1959 maiming.  *See In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) (describing such ambiguity and finding it harmful); *United States v. Savoires*, 430 F.3d 376, 380-81(6th Cir. 2005) (same).  The real risk of a non-unanimous verdict only exacerbates the harmfulness of the *Shepard* error here.  Mr. Roane's ambiguous verdict is harmful error that renders his § 924(c) conviction void.

## <u>CONCLUSION</u>

For all the above reasons, Mr. Roane respectfully requests that this Court grant his Motion and authorize the district court to consider his § 2255 Motion.  In the alternative, Mr. Roane asks that the Court hold his Motion for Authorization in abeyance pending this Court's disposition of *Taylor*.

Respectfully Submitted,

/s/ Maura McNally
Maura McNally
Peter Williams
Assistant Federal Defenders
Federal Community Defender Office

11

for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

Counsel for James H. Roane, Jr.

Dated:  June 9, 2020

## Certificate of Service

I, Peter Williams, hereby certify that on this 9th day of June 2020, I submitted

the foregoing Reply for filing with service to:

Richard D. Cooke
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Maura McNally
Maura McNally