# APPENDIX A

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## Case No. 20-7

_____

## In re James H. Roane, Jr.,

## Movant.

_____

## REPLY IN SUPPORT OF MOTION TO
## HOLD MATTER IN ABEYANCE

_____

## CAPITAL § 2255 PROCEEDINGS

Peter Williams
Maura McNally
Assistant Federal Defenders
Federal Community Defender Office
 for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

June 12, 2020

The Government argues that this Court should not hold Mr. Roane's Motion for Authorization in abeyance because of 28 U.S.C. § 2244(b)(3)(D)'s 30-day time limit. Response at 1-2. This contention is baseless, as this Court has certainly held cases in abeyance at the Motion for Authorization stage. For instance, in *In re Phillips*, 879 F.3d 542 (4th Cir. 2018), a case cited by the Government, this Court held the Motion for Authorization in abeyance for two years. *Id.* at 545. In fact, this Court has even recently held cases in abeyance at the Motion for Authorization stage pending the outcome of *Taylor*. *See, e.g.*, Order, *In re Wallace*, No. 20-254 (4th Cir. May 29, 2020).

The Government next argues that the outcome of *Taylor* would have no bearing on Mr. Roane's case because Taylor pled guilty, while Mr. Roane went to trial. Response at 2-3. This argument is likewise a nonstarter. This Court has made clear that the same modified categorical approach applies equally to cases decided by juries as well as guilty pleas. *See United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) ("That Vann's predicate charging documents properly use the conjunctive term 'and,' rather than the disjunctive 'or,' does not mean that Vann 'necessarily' pleaded guilty to subsection (a)(2). Similarly, in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—in the absence of a special verdict identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory

1

maximum for the 'least-punished' of the disjunctive statutory conduct."); *id.* at 776 ("If Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute."). In fact, several cases that involved jury trials are currently being held in abeyance in this Court pending the outcome of *Taylor*. *See, e.g.*, Order, *In re Wallace*, No. 20-254 (4th Cir. May 29, 2020); Order, *United States v. Myers*, No. 20-6336 (4th Cir. April 1, 2020); *United States v. Triggs*, No. 16-7774 (4th Cir. March 9, 2020).

Next, the Government argues that Mr. Roane "fails to show that any of the predicates are invalid." Response at 4. But this Court's precedent has not established that the predicate offenses here are valid either as drug-trafficking crimes or crimes of violence under the elements clause. In fact, this Court has held that conspiracy, with which Mr. Roane was charged under § 1959, is *not* a crime of violence. *United States v. Simms*, 914 F.3d 229, 233, 233-34 (4th Cir. 2019) (en banc) *cert. denied*, 140 S. Ct. 304 (2019).

Finally, the Government states that Mr. Roane first raised the ambiguous verdict issue in his Reply. Response at 4. In fact, Mr. Roane discussed the modified categorical approach at length his proposed successive §2255 motion, which was appended to and referenced in the Motion for Authorization. *See* App.

A at 11-16[1].

At any rate, the Government deeply misunderstands the modified categorical approach, which it argues does not apply in determining which underlying offense served as the predicate for a § 924(c) offense. In fact, this Court has made clear that the modified categorical approach applies under § 924(c). *See, e.g., United States v. Bryant*, 949 F.3d 168, 173 (4th Cir. 2020) ("If a court determines that the underlying statute is divisible, and that application of the modified categorical approach is therefore appropriate, then it may examine a limited set of documents, such as the indictment, jury instructions, or plea agreement and colloquy, . . . for the sole purpose of determining which of the statute's alternative elements formed the basis of the defendant's prior conviction . . . . And once a court has isolated the specific crime of conviction, it must apply the traditional categorical approach outlined above to determine whether that crime constitutes a 'crime of violence' under § 924(c)'s force clause." (internal quotations and citations omitted)); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Therefore, the Government provides no good reason as to why the elements-based categorical approach is not applicable here.

---

[1] Mr. Roane cites to the Appendix filed with his Motion for Authorization filed in this Court on May 22, 2020.

## CONCLUSION

For all the above reasons and those stated in his Motion to Hold Matter in Abeyance, Mr. Roane respectfully requests that this Court hold his Motion for Authorization in abeyance pending this Court's disposition of *Taylor*. Alternatively, this Court should grant authorization and instruct the district court to hold the matter in abeyance pending the outcome of *Taylor*.

Respectfully Submitted,

/s/ Maura McNally
Maura McNally
Peter Williams
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Pete_Williams@fd.org
Maura_McNally@fd.org

Counsel for James H. Roane, Jr.

Dated: June 12, 2020

**Certificate of Service**

I, Peter Williams, hereby certify that on this 12th day of June 2020, I submitted the foregoing Reply for filing with service to:

Richard D. Cooke
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219

/s/ Maura McNally
Maura McNally