| | | |
|---|---|---|
| | ) | |
| In re: JAMES ROANE | ) | |
| | ) | No. 20-7 |
| Movant | ) | |
| | ) | |

**United States' Response to Motion to Hold in Abeyance**

On June 9, 2020, defendant applied for permission to file a successive motion under 28 U.S.C. § 2255, challenging his four convictions under 18 U.S.C. § 924(c). Defendant contends that his § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because, according to him, the predicate offenses for those § 924(c) counts depend on § 924(c)(3)(B) (the "residual clause"), which *Davis* invalidated as unconstitutionally vague. But *Davis* offers no valid basis for relief. Defendant's § 924(c) convictions remain valid notwithstanding the unconstitutionality of the residual clause. This Court should accordingly deny defendant's request to hold his application in abeyance for a ruling in *United States v. Ortiz-Orellana*, no. 16-4844, which will not change the proper result here no matter how this Court resolves it. Proceeding to decide the motion is particularly appropriate in light of 28 U.S.C. § 2244(b)(3)(D), which provides that "[t]he court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."

1

## I.

Following a jury trial, Defendant James Roane received a death sentence in 1993 after a jury convicted him of all three capital murders with which he was charged under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. *United States v. Tipton*, 90 F.3d 861, 870 (4th Cir. 1996). The convictions under § 848(e)(1)(A) held defendant accountable for the drug-trafficking-related murders of three people— Douglas Moody; Peyton Maurice Johnson; and Louis J. Johnson, Jr. Defendant was also convicted for his role in the murder of a fourth person, Torrick Brown, Jr., in count 14, and in an assault resulting in serious bodily injury to Martha McCoy in count 16.

In addition to his death sentence under § 848(e)(1)(A), defendant was also convicted of four counts under § 924(c), the offenses that he challenges now. The § 924(c) counts are consecutive to defendant's death sentences and the sentences for other counts.

The jury also convicted defendant of conspiracy to possess cocaine base with intent to distribute, 21 U.S.C. § 846; engaging in a continuing criminal enterprise (CCE), 21 U.S.C. § 848(a); five counts of committing acts of violence in aid of racketeering (VICAR), 18 U.S.C. § 1959; and one count of possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1). *Tipton*, 90 F.3d at 870.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's four convictions under § 924(c) each had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses. Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* | |
|---|---|---|---|
| Count 6 | Jan. 13, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 5 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Douglas Moody) |
| | | Count 7 | (18 U.S.C. § 1959, VICAR murder of Douglas Moody) |
| Count 9 | Jan. 14, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 8 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Peyton Maurice Johnson) |
| | | Count 10 | (18 U.S.C. § 1959, VICAR murder of Peyton Maurice Johnson) |
| Count 12 | Jan. 29, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 11 | (21 U.S.C. § 848(e)(1)(A), CCE murder of Louis J. Johnson, Jr.) |
| | | Count 13 | (18 U.S.C. § 1959, VICAR Louis J. Johnson, Jr.) |
| Count 15 | Feb. 1, 1992 | Count 1 | (21 U.S.C. § 846) |
| | | Count 14 | (18 U.S.C. § 1959, VICAR murder of Torrick Brown, Jr.) |
| | | Count 16 | (18 U.S.C. § 1959, VICAR assault resulting in serious bodily injury of Martha McCoy) |

The first murder in which defendant participated was of Douglas Moody, a suspected rival drug trafficker, on January 13, 1992. Tipton shot Moody twice in the back, and after Moody fled, defendant ran after him and stabbed Moody eighteen times, killing him. *Tipton*, 90 F.3d at 868. In the second murder, on January 14, 1992, after defendant, Johnson, and a third person retrieved guns, defendant located the victim, Peyton Johnson, who was another rival drug dealer, at a tavern. *Id*. When defendant left the tavern, his coconspirator Corey Johnson entered and fatally shot Peyton Johnson. *Id*. For the third murder, on January 29, 1992, defendant pulled his car around the corner of an alley, got out of the car, and approached Louis Johnson, whom defendant believed to be a bodyguard for a rival drug dealer. Corey Johnson and Lance Thomas then got out of defendant's car and shot Louis Johnson. *Id*. In the fourth murder, on February 1, 1992, defendant, Johnson, and Lance Thomas arrived at the apartment of Torrick Brown, knocked on the door, and asked Martha McCoy, who answered the door, if Brown was there. *Id*. After she summoned Brown, defendant, Johnson, and Thomas opened fire with automatic weapons, killing Brown and seriously wounding McCoy. *Id*.

In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c). As explained below, defendant's § 924(c) convictions remain valid, regardless of *Davis*.

4

II.

As this Court explained in defendant's direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to [defendants Johnson, Tipton, and Roane's] drug-trafficking operation," and the murders occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Tipton*, 90 F.3d at 868. The close nexus between the § 924(c) counts and defendant's drug trafficking provides one of several reasons why defendant's claims readily fail and why his application to hold his case in abeyance should be denied.

Convictions under 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A) remain valid predicates under § 924(c) after *Davis*, for those predicate offenses qualify as drug-trafficking offenses under 21 U.S.C. § 924(c)(2), a provision that poses no constitutional vagueness concern. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016). Defendant's present application for permission to file a successive § 2255—like his previous applications that were denied—offers no persuasive argument that a constitutional vagueness challenge affects § 924(c)(2) or that § 846 and § 848(e)(1)(A) do not count as drug-trafficking crimes. With just those predicates alone, defendant's application must be denied. Moreover, defendant's VICAR murder predicates also remain valid after *Davis* under § 924(c)(3)(A). *See United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019).

5

By the same token, because § 848(e)(1)(A) requires proof of a murder, those offenses also satisfy § 924(c)(3)(A). *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017) ("[I]t is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed.").

Given the presence of the § 848(e)(1)(A), § 846, and VICAR murder predicates that support each of defendant's § 924(c) convictions—predicates that remain valid and on which the jury separately convicted defendant—his application for permission to file a successive § 2255 and likewise his request to hold his application in abeyance collapses to a narrow argument about his § 924(c) conviction in count 15. Count 15 included a VICAR predicate for assault with serious bodily injury. He must establish that that VICAR predicate does not satisfy § 924(c)(3)(A) and that any error is not harmless.

As the United States has previously argued, the VICAR assault with serious bodily injury is valid. *Cf. United States v. Bullock*, 970 F.3d 210, 215 (3d Cir. 2020) (collecting authority from six circuits holding that assault with a deadly or dangerous weapon or assault where bodily injury is inflicted under 18 U.S.C. § 111(b) is crime of violence). If all of defendant's predicates are valid, he obviously has no ground for relief.

But even if the VICAR predicates were invalid, any error would be harmless, and defendant's justifications for holding his applications in abeyance would fail. In a 2-1 vote, this Court previously held defendant's application—filed

6

on June 9, 2020—in abeyance for a ruling in *United States v. Taylor*, – F.3d –, 2020 WL 6053317 (4th Cir. Oct. 14, 2020). But *Taylor* ultimately did not address when a § 924(c) conviction may be upheld where one predicate is no longer valid after *Davis* but another predicate is valid. Notably, though, after this Court held defendant's application in abeyance for *Taylor*, this Court has correctly rejected a *Davis* challenge to a § 924(c) conviction that had an invalid conspiracy predicate and a valid substantive Hobbs Act predicate. *See United States v. Johnson*, – F. App'x –, 2020 WL 5629883, at *2 (4th Cir. Sept. 21, 2020). The defendant there could not show that the plain error that did occur in allowing the jury to consider the conspiracy predicate affected his substantial rights. *Id.*

This Court and other courts of appeals have applied this same reasoning, and defendant cannot point to any court of appeals that would grant relief in the circumstances here. *See, e.g., United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) ("Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010) (erroneous "use" instruction in § 924(c) harmless given alternative "possession" instruction, even if "use" and "possession" theories created distinct offenses and even though jury returned general verdict); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) ("The District Court instructed

7

the jury that *either* conspiracy *or* armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendant had used or carried the gun to further the crime. The jury convicted both defendants on both bank-robbery counts. So we can tell from the verdict form, as well as from the evidence presented at trial, that there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous, any error was harmless.") (citations omitted). Moreover, the harmlessness standard poses an even greater hurdle to relief on collateral review. *See, e.g., United States v. Smith,* 723 F.3d 510, 512 (4th Cir. 2013).

The above authority follows well-established Supreme Court precedent for analyzing harmlessness when a jury is presented with alternative theories of liability, some of which are defective and some not. *See, e.g., Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam).

Moreover, the harmlessness of any purported error is a proper basis to deny authorization to file a successive § 2255. "[W]hile the prima facie showing is a *necessary condition* to receive prefiling authorization, the statute does not *limit* this court to considering *only* this necessary condition." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)).

Defendant is wrong that the categorical approach somehow precludes applying ordinary harmlessness doctrine. It is of course true that the *classification*

8

of a federal crime as a crime of violence under § 924(c)(3) is a question of law answered by the court using the categorical approach. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). But the jury decides the *factual* question of whether a defendant committed a particular predicate offense. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) ("In Hopkins' case, the jury was explicitly instruction on [18 U.S.C.] § 111(b) as the predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element."). And the jury decides whether the requisite relationship has been established between the firearm and the predicate offense. *See, e.g., United States v. Lomax*, 293 F.3d 701, 705(4th Cir. 2002) (requiring jury to find requisite relationship between gun and predicate offense). These are not questions of law answered by a court under the categorical approach, and as questions of fact, errors in the jury instructions on those questions are subject to ordinary harmlessness analysis—even assuming that defendant could show that one of his predicate offenses is now invalid.

Defendant now proposes to have his case held in abeyance for another appeal, *United States v. Ortiz-Orellana*, no. 16-4844. But the appeal in *Ortiz-Orellana* involves no § 924(c) convictions with multiple predicates and otherwise

9

has no relevance here.  The United States respectfully requests that defendant's application not be held in abeyance for a ruling in *Ortiz-Orellana*.

Similarly, although defendant has not asked for his application to be held pending a ruling in *United States v. Dickerson*, No. 20-6578, his codefendants have made that request.  But this Court should decline to hold defendant's application for *Dickerson*, an appeal that has not even been briefed yet.  In *Dickerson*, the defendant pleaded guilty to a § 924(c) count where the indictment charged both substantive Hobbs Act robbery and conspiracy as a predicate.  The defendant admitted to brandishing a firearm in a robbery that he completed, and after *Davis*, the district court denied § 2255 relief but granted a certificate of appealability because, in *Taylor*, this Court had granted a certificate of appealability on whether a § 924(c) conviction is invalid where the indictment charged multiple predicates, one of which is invalid.  But after the certificate of appealability was granted in both *Taylor* and *Dickerson*, this Court issued the ruling in *Johnson* that follows the unbroken line of precedent finding that claims like defendants are meritless—even assuming that he could establish that one of the predicates is now invalid.  Further delay in adjudicating defendant's application is unwarranted.

III.

Under 28 U.S.C. § 2244(b)(3)(D), "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."  This Court has concluded that the 30-day deadline

is neither mandatory nor jurisdictional.  *See In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc).  But the 30-day window should not be simply ignored. Although the provision is "hortatory," *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997), courts properly "make a diligent, good-faith effort to comply with the 30-day time limit," *Rodriguez v. Superintendent, Bay State Correctional Center*, 139 F.3d 270, 273 (1st Cir. 1998), abrogated in part on other grounds, *Bousley v. United States*, 523 U.S. 614 (1998).  Defendant's prior applications raising a constitutional vagueness challenge to his § 924(c) convictions were decided within the 30-day period, and this application, which was filed more than five months ago and also raises a constitutional vagueness challenge, should not be delayed further.

Separately, the government notes that the capital sentences imposed on defendant and his co-defendants in 1993 are the oldest on federal death row.  An injunction that had long barred the implementation of those sentences was recently vacated by a district court in the District of Columbia.  *See In re Fed. BOP Execution Protocol Cases*, No. 19-MC-145 (TSC), 2020 WL 5604298, at *4 (D.D.C. Sept. 20, 2020).  Accordingly, the government may soon schedule dates for the implementation of those sentences.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

11

By:     /s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

**Certificate of Service and Compliance**

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on November 9, 2020, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov