|                          |   |          |
|--------------------------|---|----------|
| In re: JAMES ROANE, JR., | ) |          |
|                          | ) | No. 20-7 |
| Movant                   | ) |          |
|                          | ) |          |

**United States' Motion to Remove Application from Abeyance and Deny Application**

On May 22, 2020, defendant applied for permission to file a successive motion under 28 U.S.C. § 2255, challenging his two convictions under 18 U.S.C. § 924(c). (ECF No. 2.) Defendant contends that his § 924(c) counts are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because the predicate offenses for those counts depend on § 924(c)(3)(B), which *Davis* invalidated as unconstitutionally vague. The United States responded that defendant's § 924(c) convictions remain valid because they rest on indisputably valid predicates that do not depend on § 924(c)(3)(B) and that his application should therefore be denied. (*See* ECF No. 8.) In particular, each of defendant's § 924(c) convictions rest on, among other offenses, drug-related murder predicates under 21 U.S.C. § 848(e)(1)(A)—offenses that satisfy both the standards for a drug-trafficking predicate under 18 U.S.C. § 924(c)(2) and a crime of violence under § 924(c)(3)(A). The United States also noted that Congress provided that applications for successive § 2255s should be decided within 30 days. *See* 28 U.S.C. § 2244(b)(3)(D) ("The court of appeals shall grant or deny the authorization

1

to file a second or successive application not later than 30 days after the filing of the motion.").

After filing his application for a successive § 2255, defendant asked the Court to hold it in abeyance for a ruling in *United States v. Taylor*, No. 7616, an appeal involving a guilty plea to a § 924(c) count with multiple predicates. (ECF No. 10.) The government opposed the request. (ECF No. 12.) On July 15, 2020, the Court granted defendant's motion to hold his application in abeyance pending a decision in *Taylor*. (ECF No. 18.) On October 14, 2020, the Court decided *Taylor*, holding that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). *See United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). *Taylor* did not address how to analyze § 924(c) convictions with multiple underlying predicates. Its holding therefore has no bearing on the pending application.

Defendant also requested the Court hold his application in abeyance pending a decision in *United States v. Ortiz-Orellana*, No. 16-4844, a case whose relevance to the instant application is unclear. (ECF No. 19.) Defendant's request itself never explained how *Ortiz-Orellana* is relevant to the substantive issues raised by his application. *See id.* Nor did his reply brief. (ECF No. 24.) The government opposed the request (ECF No. 21), and the Court has yet to rule on the matter.

Since the proceedings described above, the Court has issued a published opinion affirming § 924(c) convictions on direct appeal that—as in defendant's case—were obtained after a trial where the § 924(c) offenses rested on multiple

2

predicates.  *See United States v. Ali*, 991 F.3d 561, 574–76 (4th Cir. 2021).

Applying plain error review, *Ali* concluded the error in submitting invalid

predicates to the jury did not affect the defendant's substantial rights where his

§ 924(c) conviction continued to rest on a valid crime-of-violence predicate.  As

the Court explained, "the Supreme Court has mandated this typical harmless (or

plain) error analysis in the very 'context of a jury instructed on multiple theories of

guilt, one of which is improper' and one of which is proper."  *Id*. at 575 (quoting

*Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam)).

 *Ali* also rejected the same argument the defendant makes here that the

categorical approach dictates a different result.  In his proposed § 2255, defendant

argues that "Under the Modified Categorical Approach, a § 924(c) Conviction

Based on Multiple Offenses Is Invalid if there Is Ambiguity as to Which Offense

Supported the § 924(c) Conviction and at Least One of the Possible Predicates

Does Not Qualify as a Qualifying Crime."  (ECF No. 2-2 at 11.)  But *Ali* rejected

this exact argument, holding that it "fundamentally misunderstands what the

categorical approach accomplishes[.]"  *Id*. at 574.  And other courts of appeals are

in accord.  *See, e.g.*, *Granda v. United States*, 990 F.3d 1272, 1295 (11th Cir.

2021) (rejecting argument that the categorical approach "requires the Court to

presume" that the defendant's § 924(c) conviction rests on an invalid conspiracy-

based predicate and holding that this "argument misapprehends the categorical

approach, which courts use to determine whether a particular offense qualifies

under crime-of-violence-type elements clauses"); *accord United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (Applying standard from *Hedgpeth* to multi-predicate § 924(c) conviction and affirming because "there is no 'reasonable probability' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts."). Although the categorical approach governs the classification of a crime as a "crime of violence," the jury must make a factual finding about whether a defendant committed a predicate offense and whether that predicate bears the requisite relationship to the firearm. *Ali*, 991 F.3d at 574 ("The purpose of the categorical (and modified categorical) approach is not to determine what the predicate was—a factual question—but rather whether a particular predicate meets the requirements of a 'crime of violence'—a purely legal question."); *cf. Pereida v. Wilkinson*, 141 S. Ct. 754, 762 (2021) (The categorical approach does not govern every question about a conviction; "[n]o amount of staring at a State's criminal code will answer whether a particular person was convicted on any particular offense at any particular time.").

Defendant is seeking relief for a procedurally defaulted claim in a successive motion under § 2255. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal[.]" *United States v. Frady*, 456 U.S. 152, 165 (1982) (citations omitted). And as *Ali* demonstrates, even on direct appeal, defendant's unpreserved constitutional challenge to his § 924(c) convictions would fail. Even assuming that some of the predicates underlying

4

defendant's § 924(c) convictions are invalid—a point the United States does not concede—defendant lacks any valid argument that the jury would have convicted him of committing drug-related murders with a firearm under § 848(e)(1)(A) but not convicted him of the related § 924(c) counts.

Although *Davis* can provide a basis for a defendant to obtain authorization for a successive § 2255 to challenge some § 924(c) convictions, *Davis* does not license every defendant to obtain authorization to file a successive § 2255. This Court does not authorize a successive § 2255 when it "would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021) (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). And just as a defendant with a § 924(c) conviction that rests on a murder offense does not state a sufficiently plausible claim for relief to receive authorization for a successive § 2255, *see In re Irby*, 858 F.3d 231, 233 (4th Cir. 2017), a defendant with drug-related murder convictions under § 848(e)(1)(A) has an even less justifiable claim to receive an authorized § 2255. The best defendant could do is claim that some other predicate *might* be invalid and that the jury *might* somehow have relied on *only* the invalid predicate. But the defendant has not even attempted such a showing. And even if he had, his argument would still fail. As the United States has previously explained, it is not enough on collateral review to assert that a jury *might* have relied on a now-invalid predicate offense. (*See* ECF Nos. 8, 14, 21.) Instead, the defendant must show a substantial likelihood that the jury *only* relied on the now-invalid predicate. *See*

5

*Granda*, 990 F.3d at 1288 ("Granda must show at least a 'substantial likelihood,' that the jury actually relied on the Count 3 conviction to provide the predicate offense. More specifically, he must establish a substantial likelihood that the jury relied only on the Count 3 conviction, because reliance on any of Counts 1, 2, 4, or 5 would have provided a wholly independent, sufficient, and legally valid basis to convict on Count 6.") (internal citation omitted); *see also Parker v. United States*, 993 F.3d 1257, 1264 (11th Cir. 2021) (same); *Foster v. United States*, — F.3d —, 2021 WL 1742267, at *6 (11th Cir. May 4, 2021) (same).

This Court's decision in *Ali* forecloses any relief defendant seeks on his § 924(c) convictions. *Ali*, coupled with the heightened standards governing collateral review, compel the conclusion that granting defendant's application would be an exercise in futility.

Furthermore, defendant's challenge to his § 924(c) convictions, is, at its core, academic in nature. The defendant is subject to a valid death sentence, separate and apart from his § 924(c) convictions. He does not challenge any aspect of that sentence through the instant application. *See In re Hall*, 979 F.3d 339, 347 (5th Cir. 2020) (defendant's collateral challenge to his § 924(c) conviction "has nothing to do with [his] death sentence."). Thus, "it is difficult to see how any relief—even a complete vacatur of the § 924(c) convictions and their accompanying sentences—would reduce" defendant's sentence. *Ruiz v. United States*, 990 F.3d 1025, 1031 (7th Cir. 2021). Even a successful challenge to his

§ 924(c) convictions would have no bearing on defendant's ultimate sentence. In a word, any *Davis* would be harmless. *See id*. at 1027–1035 (*Davis* error harmless where validity of § 924(c) convictions would not affect defendant's multiple life sentences for kidnapping resulting in death).

In light of this Court's ruling in *Ali* and the denial of rehearing en banc in that case, there is no reason to continue holding this appeal in abeyance. This Court's pending cases addressing multi-predicate § 924(c) convictions could not overrule *Ali*, a case explicitly addressing how to adjudicate the issue in the trial context. And, as noted above, *Ali* itself is rooted in well-settled Supreme Court doctrine governing instructional error and harmlessness review. *See Ali*, 991 F.3d at 575 (citing *Hedgpeth*, 555 U.S. at 61). Finally, *Ortiz-Orellana* does not squarely present the issues at stake in this appeal and again could not overrule *Ali*.

For the foregoing reasons, this Court should remove defendant's application

for a successive § 2255 from abeyance and deny it in its entirety.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:　　　/s/
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

**Certificate of Service and Compliance**

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on May 24, 2021, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____

Joseph Attias
Assistant United States Attorney
