# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. 20-7

_____

### In re James H. Roane, Jr.,

### Movant.

_____

### <u>MEMORANDUM BRIEF ADDRESSING MR. ROANE'S APPLICATION IN LIGHT OF THIS COURT'S DECISION IN *UNITED STATES V. ALI*</u>
_____

Mr. Roane moved in this Court for authorization to file a successive motion pursuant to § 2255(h)(2) to vacate his convictions under 18 U.S.C. § 924(c) based on the new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019).  ECF No. 2.  Mr. Roane's application remains pending.  This Court recently ordered the parties to submit briefing addressing Mr. Roane's application in light of this Court's recent decision in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), which addressed on direct appeal a *Davis* matter involving an ambiguous verdict.  ECF No. 33.

Mr. Roane's case is distinguishable from *Ali* in several important respects.  First, because the issue had not previously been raised at trial, this Court reviewed Ali's claim under the stringent four-prong plain error standard of review.  Such a

merits review is not applicable here at the authorization stage, which requires only that an applicant make out a prima facie case, but leaves to the trial court the task of determining whether the claim can be proved. *In re Hubbard*, 825 F.3d 225, 230-31 (4th Cir. 2016).

Moreover, even if this Court were to apply the same type of merits review it applied in *Ali*, Mr. Roane's case is distinguishable from *Ali* in several respects that, as explained below, support authorization.

**I.      Unlike the *Davis* Claim in *Ali*, Mr. Roane's Application Should Be Reviewed Only to Determine If It Meets the Prima Facie Showing Required by 2255(h), Which It Does, Leaving Any More Fact-Intensive Inquiry to the District Court After Authorization.**

On appeal from conviction in *Ali*, this Court addressed Ali's claim of *Davis* error under a plain error standard of review. 991 F.3d at 572. Under this standard, the Court was required to determine whether the inclusion of an invalid predicate crime "affected the outcome of the district court [trial] proceedings." *Id.* at 574-75. This Court held that, in the context of plain error review, such a determination "requires a record-intensive factual inquiry." *Id.* at 575.

Conversely, Mr. Roane's motion for authorization is not subject to plain error or any other type of merits review, beyond determining whether he has pled a prima facie claim for relief based on the factors required under 28 U.S.C. § 2255(h). In other words, this Court's only inquiry at this stage should be whether

Mr. Roane has made a prima facie showing that his claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii) was previously unavailable. 28 U.S.C. § 2255(h)(2). A grant of authorization by this Court to file a successive motion is simply a preliminary determination and is considered "tentative" because it merely allows the district court to more fully consider whether the requirements for filing a second motion are met. *Hubbard*, 825 F.3d at 230-31; *id.* at 231 ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."); *see also Johnson v. United States*, 720 F.3d 720, 720-21 (8th Cir. 2013); *Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997).[1] Accordingly, this Court should grant Mr. Roane's Motion for Authorization pursuant to *Davis* because Mr. Roane has cleared what this Court has called the "relatively low bar" that a movant must overcome at this stage by satisfying each of the § 2255 requirements and setting forth a "plausible" claim on the merits. *Hubbard,* 825 F.3d at 230-31.

---

[1] That Mr. Roane meets the prima facie pleading requirement has already been fully briefed in his Motion for Authorization and Reply. *See* ECF No. 2-1 at 12-17; ECF No. 11-2 at 3-5.

**II. Even if this Court were to Employ a Fact-Specific Analysis as It Did in *Ali*, Such an Analysis in Mr. Roane's Case Supports the Grant of Authorization.**

Even if this Court were to conduct a fact-specific merits review under the standard articulated in *Ali*, Mr. Roane's case is distinguishable in several important ways that support a grant of authorization for him to file his *Davis* claim in the district court.

**A. Contrary to *Ali*, the record evidence here supports a finding that the § 924(c) convictions rested on an invalid predicate.**

In *Ali*, the defendant had been charged under § 924(c) based on alternative predicates of aiding and abetting Hobbs Act robbery (valid) or conspiracy to commit Hobbs Act robbery (invalid). 991 F.3d at 573. In order to determine whether the inclusion of the invalid predicate "affected the outcome of the district court proceedings," as was necessary under plain error review on direct appeal, this Court decided to consider the underlying facts of the case, rather than applying a modified categorical approach as Ali had urged. *Id.* at 574-75. Accordingly, the Court employed "a record-intensive factual inquiry," listing numerous citations to unrebutted trial evidence demonstrating that Ali had assisted in the commission of Hobbs Act robbery and used a firearm in the process. *Id.* at 575-76. Thus, the Court found "strong proof" that Ali had done more than simply conspire but had, in fact, assisted in the commission of robberies that entailed use of a firearm and

4

that the "*overwhelming* weight" of the evidence underlay a finding that Ali's §

924(c) conviction rested on the aiding and abetting predicate. *Id.* (emphasis

added).[2] Because the trial evidence so thoroughly supported the conclusion that

the jury's § 924(c) verdict rested on a valid predicate, the Court ultimately held

that the inclusion of the invalid predicate did not affect Ali's substantial rights. *Id.*

at 576.

Should this Court undertake a similar factual inquiry here, despite the fact

that Mr. Roane's claim is presented in the context of seeking authorization to

proceed in the district court, this Court has neither overwhelming record evidence

nor strong proof that Mr. Roane's § 924(c) convictions rested on a valid predicate

committed with a firearm. In Mr. Roane's case, the § 924(c) offenses were

charged based alternately on his convictions for drug-trafficking under 21 U.S.C.

848(a)(1)—a still-valid predicate—and on his convictions based on killings

committed under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 1959, no longer valid

predicates after *Davis*. And while there was some evidence that Mr. Roane's

codefendants used firearms in connection with the killings that served as the

---

[2] *See also United States v. Eldridge*, 2021 WL 2546175 (2d Cir. June 22, 2021), also deciding an ambiguous verdict *Davis* issue on direct appeal, and requiring a finding that before denying the *Davis* claim, it must be "*overwhelmingly likely* that any reasonable juror would have convicted on the basis of the Government's primary theory." *Id.* at 27 (emphasis added).

*invalid* predicates for Mr. Roane's § 924(c) convictions,[3] there was no clear evidence—let alone overwhelming evidence or strong support—that firearms were used in the commission of the drug-trafficking itself—the only remaining valid predicate. In light of this record evidence, it is impossible to assume that the jury's § 924(c) verdicts rested on the valid drug-trafficking predicate.

This is consistent with the way other courts have applied the harmless error analysis in cases where, as here, a § 924(c) conviction is based alternately on valid and invalid predicates that are "not coextensive." *See, e.g., United States v. Jones*, 935 F.3d 266 (5th Cir. 2019); *United States v. McClaren*, 2021 WL 1976674, at *15-16 (5th Cir. May 18, 2021); *United States v. Heyward*, 2021 WL 2638609, at

---

[3] For instance, Mr. Roane was charged with the murder of Douglas Moody, who was shot twice and stabbed multiple times. Eyewitnesses testified that after they heard shots fired, Mr. Moody, Richard Tipton and Mr. Roane exited a house, and Mr. Moody was stabbed in the alley. App. D at 016. The medical examiner who conducted the autopsy determined that the gunshots and stab wounds were equally lethal. App. D at 008.

Mr. Roane was also charged with the murder of Peyton Maurice Johnson, who was shot as he sat on a couch inside a "nip joint" being operated out of a residence. App. D at 002-04. There was no allegation that Mr. Roane actually shot Mr. Johnson or even that he was present during the shooting; instead, the prosecution theorized that Mr. Roane had been acting as a lookout to ascertain that Mr. Johnson was indeed present. App. D at 001, 009-10.

Finally Mr. Roane was charged with the murder of Louis Johnson, who was shot multiple times by a group of men. According to an eyewitness, Mr. Roane attempted to shoot Mr. Johnson but his gun did not go off, after which Anthony Mack shot Mr. Johnson one time, and Corey Johnson shot him seven or eight times. App. D at 013-14.

*6, n.7 (2d Cir. June 28, 2021) (where murder and drug conspiracies were not "inextricably intertwined," "our inquiry is directed to whether we can *confirm* that the jury based the firearm conviction on a valid drug-trafficking predicate"). For instance, in *Jones*, the Court vacated the defendants' § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy." 935 F.3d at 273. The Court therefore found a reasonable probability that the jury would not have convicted the defendants of the § 924(c) offenses absent the invalid predicate. *Id.* So too here. In Mr. Roane's case, the drug-trafficking conspiracy that formed the valid predicate and killings that formed the invalid predicate were not inextricably intertwined; rather, the killings encompassed conduct that went beyond the scope of the drug-trafficking conspiracy. Thus, this Court must presume that the jury's verdict rested upon the killings, rather than the drug-trafficking conspiracy for which the evidence of use of a firearm was much more limited.

**B. Contrary to *Ali*, the lack of a unanimous verdict instruction compounded the error here.**

Mr. Roane's case is further distinguishable from *Ali* because the *Davis* error in Mr. Roane's case was compounded by the lack of a unanimous verdict instruction with respect to the § 924(c) predicates. In *Ali*, the court instructed the jury that it "must agree unanimously upon each element" of each § 924(c) count

before finding Ali guilty.  Joint Appendix, *United States v. Ali*, Case No. 15-4433 (Jan. 6, 2016), ECF No. 46, at 758, 761, 763, 754.

By contrast, in Mr. Roane's case, the jury was instructed that it could find § 924(c) guilt based on either the still-valid predicate or on the invalid predicates without requiring unanimity as to any option.  By virtue of that instruction, the court in Mr. Roane's case effectively gave the jury license to reach a non-unanimous verdict, a Sixth Amendment compounding error that was not present in *Ali*.  The absence of a unanimity requirement in the jury verdict together with the *Davis* error had a substantial and injurious effect on Mr. Roane's conviction.

The Sixth Circuit reached the same conclusion in *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005).  There, the district court had instructed the jury that it could find guilt under § 924(c) based on one valid and one invalid description of conduct made illegal under the statute, and did not require unanimity as to which description might serve as the basis for Mr. Savoires's § 924(c) conviction.  *Id.*  On appeal, reviewing Savoires's claim under a plain error standard, the Sixth Circuit found that error affected the defendant's substantial rights and undermined the fairness of his trial because the district court authorized a non-unanimous verdict on a non-existent offense, just as it did in Mr. Roane's case.  *See id.*

**WHEREFORE**, Mr. Roane respectfully requests that, for all the reasons set out above and in his initial Motion for Authorization, this Court grant him the authorization to file his successor § 2255 Motion in the district court.

Respectfully submitted,


/s/ Joanne Heisey
Joanne Heisey
Assistant Federal Public Defender
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis Center, Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
joanne_heisey@fd.org

Counsel for James H. Roane, Jr.

Dated: September 2, 2021

**CERTIFICATE OF SERVICE**

I, Joanne Heisey, hereby certify that on this 2nd day of September, 2021, I

submitted the foregoing for filing with service to:

Richard D. Cooke
Assistant United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219

/s/ Joanne Heisey
Joanne Heisey