IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7

IN RE: JAMES ROANE, JR.,

*Movant.*

On Movant's Application for Leave to File
a Successive Motion Under 28 U.S.C. § 2255 in the
United States District Court for the Eastern District of Virginia
*The Honorable David J. Novak, District Judge*

MEMORANDUM BRIEF OF THE UNITED STATES

Raj Parekh
Acting United States Attorney

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

*Attorneys for the United States of America*

**Table of Contents**

Page

Table of Authorities ...................................................................................... ii

Introduction ..................................................................................................1

Statement of the Case.....................................................................................7

    A.      Roane is indicted, convicted, and sentenced.........................................7

    B.      Roane's application for a successive petition under 28 U.S.C.
         § 2255 ...............................................................................................10

Argument.....................................................................................................10

I.     The Court should deny Roane's application for a successive § 2255
     petition. .....................................................................................................10

    A.      Counts 6, 9, 12, and 15 are unaffected by *Davis*. ..............................10

    B.      Even if *Davis* invalidated a predicate for Counts 6, 9, 12, or 15,
         Roane still cannot demonstrate any prejudice...................................14

Statement Regarding Oral Argument ..................................................................22

Certificate of Compliance .................................................................................22

**Table of Authorities**

**Page**

**Cases**

*Barnes v. Thomas*, 938 F.3d 526 (4th Cir. 2019) ......................................................16

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997)............................................3

*Braxton v. United States*, 500 U.S. 344 (1991)........................................................14

*Brecht v. Abrahamson*, 507 U.S. 619 (1993)............................................................15

*Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021)..........................................19

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam)..............................................14

*In re Irby*, 858 F.3d 231 (4th Cir. 2017) ........................................................ *passim*

*In re Phillips*, 879 F.3d 542 (4th Cir. 2018) ...............................................................3

*In re Thomas*, 988 F.3d 783 (4th Cir. 2021) ...............................................................3

*In re Vassell*, 751 F.3d 267 (4th Cir. 2014) ................................................................3

*In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) .....................................................3

*Johnson v. United States*, 559 U.S. 133 (2010) ........................................................12

*Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021).........................................19

*Skilling v. United States*, 561 U.S. 358 (2010) .........................................................15

*Stokeling v. United States*, 139 S. Ct. 544 (2019).....................................................12

*United States v. Ali*, 991 F.3d 561 (4th Cir. 2021) ........................................ *passim*

*United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) ..............................................11

*United States v. Battle*, 927 F.3d 160 (4th Cir. 2019) ..............................................12

*United States v. Bryant*, 949 F.3d 168 (4th Cir. 2020) .............................................12

*United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021) .............................. 2, 10, 19

*United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016)............................................1

*United States v. Chavez*, 894 F.3d 593 (4th Cir. 2018) ............................................14

*United States v. Concepcion*, 983 F.2d 369 (2d Cir. 1992)......................................13

*United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021) .............................................16

*United States v. Davis*, 139 S. Ct. 2319 (2019) ................................................ *passim*

*United States v. Eldridge*, 2 F.4th 27 (2d Cir. 2021) ..................................... 1, 2, 10

*United States v. Fiel*, 35 F.3d 997 (4th Cir. 1997).............................................13

*United States v. Granda*, 990 F.3d 1272 (11th Cir. 2021) ........................... 1, 17, 20

*United States v. Hager*, 721 F.3d 167 (4th Cir. 2013).......................................11

*United States v. Hardy*, 999 F.3d 250 (4th Cir. 2021).......................................13

*United States v. Hare*, 820 F.3d 93 (4th Cir. 2016)..................................... 2, 10, 16

*United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012) ..................................15

*United States v. Keene* 955 F.3d 391 (4th Cir. 2020) .......................................12

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)................................. 2, 11, 12

*United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995) .........................................6

*United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010)...................................15

*United States v. Roof*, — F.4th —, 2021 WL 3746805 (4th Cir. Aug. 25, 2021)........................................................................................14

*United States v. Rumley*, 952 F.3d 538 (4th Cir. 2020) .................................. 12, 13

*United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021).....................................14

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) ..........................11

*United States v. Smith*, 723 F.3d 510 (4th Cir. 2013).......................................15

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996)..........................................4

*United States v. Wilson*, 960 F.3d 136 (3d Cir. 2020) ........................................1

*Yates v. United States*, 354 U.S. 298 (1957)..................................................14

**Statutes**

18 U.S.C. § 1951(a) ...............................................................................7

18 U.S.C. § 1959(a)(1)............................................................................4

18 U.S.C. § 2 ......................................................................................7

18 U.S.C. § 924(c) ............................................................................ *passim*

18 U.S.C. § 924(c)(1)(A) ........................................................................7

21 U.S.C. § 848(e)(1)(A) ..................................................................... 2, 4, 8

28 U.S.C. § 2255 .................................................................... 1, i, 1, 2, 10

**Introduction**

In 1993, defendant James Roane was convicted for his role in a drug organization that was responsible for at least ten murders and additional maimings between January and February 1992. The jury found Roane responsible for three murders—the killings of Douglas Moody, Peyton Johnson, and Louis Johnson—and other violent crimes.

In his present application for permission to file a successive motion under 28 U.S.C. § 2255, Roane challenges his four convictions under 18 U.S.C. § 924(c), arguing that the convictions are invalid because of *United States v. Davis*, 139 S. Ct. 2319 (2019). In *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), this Court rejected a central legal argument in Roane's proposed § 2255 motion—namely, that the categorical approach displaces ordinary harmless-error principles when the jury could have relied on multiple predicate offenses for a § 924(c) count. Every other circuit to address the question agrees with *Ali* that ordinary harmlessness principles apply in this context. *See, e.g.*, *United States v. Eldridge*, 2 F.4th 27, 38 & n.15 (2d Cir. 2021); *United States v. Granda*, 990 F.3d 1272, 1288 (11th Cir. 2021); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020); *United States v. Cardena*, 842 F.3d 959, 996–99 (7th Cir. 2016).

Having lost his argument that *Ali* and the opinions from other circuits have rejected, Roane now seeks to recast his proposed § 2255 motion and argues that the

1

§ 924(c) convictions still cannot be upheld, even though each § 924(c) conviction rests on indisputably valid drug-trafficking or murder predicate, *see, e.g.*, *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (drug-trafficking predicates for § 924(c) unaffected by constitutional vagueness challenges); *Eldridge*, 2 F.4th 27, 36 n.9 (same); *United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (same), and murder predicates, *see, e.g.*, *United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019) (VICAR murder remains valid predicate); *In re Irby*, 858 F.3d 231, 236–38 (4th Cir. 2017) (second-degree retaliatory murder remains valid predicate). Roane cannot show that his convictions under 21 U.S.C. § 848(e)(1)(A) fail to count as drug-trafficking offenses, for those offenses plainly satisfy the still-valid definition in § 924(c)(2). And murder counts as a crime of violence under § 924(c)(3)(A), as this Court held in *Irby* and *Mathis*. Once it is clear that those predicates remain valid under binding precedent, then, contrary Roane's argument, the combination of *Ali* and the indisputably valid predicates leave him with no path to success.

One of Roane's responses to *Ali* has been simply to fall back on arguing that a harmlessness inquiry requires some examination of the facts that cannot be conducted when a court determines whether a defendant has made a sufficient prima facie showing for permission to file a successive § 2255. (*See* ECF No. 32.) But that argument fails for multiple reasons.

First, as a matter of legal doctrine, there is no prohibition on examining the

factual record at the prima facie stage. As this Court has explained, "[t]he term 'prima facie showing' means that it must at least 'appear[] *reasonably likely*' that the second or successive application satisfies the § 2244(b) requirements so as to 'warrant fuller exploration by the district court' as to whether they are *actually satisfied*." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003); *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). Put another way, a claim must be "plausible." *In re Thomas*, 988 F.3d 783, 791 (4th Cir. 2021) (quoting *In re Irby*, 858 F.3d at 233). And "[a] claim is not plausible if it would clearly fail, as authorizing such a claim would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d at 791 (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). Moreover, applications can fail either on procedural grounds or on the merits. *Id*.

Second, Roane's fact-based arguments are obviously meritless. In challenging Count 6, charging a § 924(c) that related to the murder of Douglas Moody, Roane points out that Moody was first shot twice in the back and then stabbed. So Roane posits that the jury might not have found that the firearm was used during and in relation to one of the predicate offenses. (ECF No. 32 at 6 n.4.). But the role of the stabbings does nothing to undermine that the gun was used "during and in relation to" the predicate offenses. The elements of § 924(c) do not require the jury to find that the murder was accomplished without the stabbings. Likewise, the involvement

of the knife does nothing to make it more likely that the jury relied on one of the predicates for count 6 versus another. The predicates for Count 6—a drug-trafficking murder under 21 U.S.C. § 848(e)(1)(A), a drug conspiracy under 21 U.S.C. § 846, and a racketeering murder under 18 U.S.C. § 1959(a)(1)—do not differ in how the knife might have figured in the murder. Nor can Roane use *Davis* as a basis to challenge his convictions on grounds unrelated to *Davis*.

Given the precedent establishing that drug-trafficking and murder predicates remain valid after *Davis*, the only even arguably invalid predicate is the VICAR maiming offense under 18 U.S.C. § 1959(a)(2) that was included in Count 15, and that § 1959(a)(2) predicate should be deemed to satisfy § 924(c)(3)(A). But regardless, under *Ali*, any putative error in including the § 1959(a)(2) predicates would be harmless.

Each murder for which Roane was found guilty was committed to advance the drug trafficking organization. As this Court put it in the direct appeal, "The Government's evidence expressly linked each of the nine § 848(e) murders of which the appellants were severally convicted to a furtherance of the CCE's purposes: either silencing potential informants or witnesses, eliminating supposed drug trafficking rivals, or punishing underlings for various drug-trafficking misfeasances." *United States v. Tipton*, 90 F.3d 861, 887 (4th Cir. 1996). As a result, there is no question that the jury would have found the requisite relationship both

4

between the drug-trafficking predicates and murder predicates and the firearms underlying each § 924(c) count.

Roane murdered Douglas Moody, a suspected rival in his drug-trafficking area, on January 13, 1992. *Id*. at 868. Tipton and Roane met Moody at his apartment where Tipton shot him twice in the back. Moody fled and Tipton and Roane pursued. Roane caught up with him and stabbed him eighteen times with a military style knife. *Id*. This Court recounted the motive for Moody's murder as follows:

> The jury had before it information that well before Moody's murder, a motive for it, to which Roane was privy with Tipton and Cory Johnson, had developed. Specifically, trial evidence showed that Moody and his superior, Peyton Johnson, a rival drug dealer, were thought by Tipton, Cory Johnson, and Roane to be standing in the way of their taking over the Newtowne drug market whose development was Roane's special function. Evidence from the guilt phase revealed that Roane had in fact stated that Tipton and Johnson "and them didn't want Maurice [Peyton Johnson] and 'Little Doug' [Moody] to work in that area . . . selling cocaine.

*Id*. at 896.

Roane murdered Peyton Maurice Johnson, a rival drug dealer, on January 14, 1992. Roane and Cory Johnson retrieved a bag of guns they had left at an apartment earlier that day. Roane then located Peyton Johnson at a tavern. Shortly after leaving the tavern, Cory Johnson entered and shot Peyton Johnson. *Id*.

Less than two weeks later, on January 29, 1992, Roane and Lance Thomas, another codefendant, murdered Louis Johnson, whom Cory Johnson thought had threatened him while acting as a bodyguard for a rival drug dealer. *Id*.; *see also*

*United States v. Reavis*, 48 F.3d 763, 766 (4th Cir. 1995) ("On January 29, 1992,

Louis Johnson was murdered for allegedly harassing one of the drug ring's

workers."). Roane drove Cory Johnson and Thomas to an alley where the latter two

began firing at Louis Johnson.

On February 1, 1992, Roane murdered Torrick Brown and maimed Martha

McCoy. Roane, Cory Johnson, and Thomas traveled to Brown's apartment, knocked

on the door, and asked his half-sister, McCoy, if Brown was there. *Id*. When Brown

approached the door, Roane, Cory Johnson and the third conspirator opened fire,

killing Brown and critically murdering McCoy. *Id*.; *see also Reavis*, 48 F.3d at 766

("Roane, Thomas, and Johnson shot Brown sixteen times and McCoy, who was in

Brown's house at the time, six times."). This Court recounted the motive for this

attack as follows:

> the evidence was sufficient to support jury findings that the deeds were
> done by Roane and other enterprise members, including Johnson, in
> part at least in furtherance of the enterprise's policy of treating affronts
> to any of its members as affronts to all, of reacting violently to them
> and of thereby furthering the reputation for violence essential to
> maintenance of the enterprise's place in the drug-trafficking business.
> The evidence also sufficed to support further findings that participation
> in this sort of group retaliatory action in behalf of fellow enterprise
> members was critical to the maintenance of one's position in the
> enterprise.

*Id*. at 890–91.

As is evident, each of Roane's murders furthered the drug-trafficking

organization. And each was carried out with a firearm. It is impossible that the jury

convicted Roane on Counts 6, 9, 12, and 15 without finding that he used a firearm in relation to those murders. A contrary conclusion would simply be inconsistent with the facts of this case and the jury's verdict.

## Statement of the Case

### A.     Roane is indicted, convicted, and sentenced.

On July 20, 1992, Roane, along with six others, was charged in a 33-count indictment with the following offenses:

| Count | Offense | Statutory Provision |
|---|---|---|
| Count 1 | Conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base | 21 U.S.C. § 846 |
| Count 2 | Engaging in a continuing criminal enterprise | 21 U.S.C. § 848(a) |
| Counts 5, 8, 11 | Capital murder in furtherance of a criminal enterprise | 21 U.S.C. § 848(e) and 18 U.S.C. § 2 |
| Counts 7, 10, 13, 14, and 16 | Commission of violent crimes in aid of racketeering activity | 18 U.S.C. § 1959 |
| Counts 6, 9, 12, and 15 | Use of a firearm in relation to a crime of violence or a drug-trafficking offense | 18 U.S.C. § 924(c) |
| Count 32 | Possession with intent to distribute cocaine base | 21 U.S.C. § 841(a)(1) |

Each firearm offense charged in Counts 6, 9, 12, and 15—the only convictions Roane challenges in his present application—relied on multiple predicate crimes of violence.

7

Count 6 charged Roane with using, or aiding and abetting the use, of a firearm on or about January 13, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

| Count | Predicate Offense |
| --- | --- |
| Count 1 | 21 U.S.C. § 846 |
| Count 5 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Douglas Moody) |
| Count 7 | 18 U.S.C. § 1959 (VICAR murder of Douglas Moody) |

Count 9 charged Roane with using, or aiding and abetting the use, of a firearm on or about January 14, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

| Count | Predicate Offense |
| --- | --- |
| Count 1 | 21 U.S.C. § 846 |
| Count 8 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Payton Maurice Johnson) |
| Count 10 | 18 U.S.C. § 1959 (VICAR murder of Payton Maurice Johnson) |

Count 12 charged Roane with using, or aiding and abetting the use, of a firearm on or about January 29, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

| Count | Predicate Offense |
| --- | --- |
| Count 1 | 21 U.S.C. § 846 |
| Count 11 | 21 U.S.C. § 848(e)(1)(A) (CCE murder of Louis J. Johnson, Jr.) |

| Count 13 | 18 U.S.C. § 1959 (VICAR murder of Louis J. Johnson, Jr.) |

Count 15 charged Roane with using, or aiding and abetting the use, of a firearm on or about February 15, 1992, during and in relation to the following crimes of violence or drug trafficking crimes:

| Count | Predicate Offense |
| --- | --- |
| Count 1 | 21 U.S.C. § 846 |
| Count 14 | 18 U.S.C. § 1959 (VICAR murder of Torrick Brown, Jr.) |
| Count 16 | 18 U.S.C. § 1959 (VICAR maiming of Martha McCoy) |

These charges stemmed from Roane's leadership role, along with Cory Johnson and Richard Tipton, in a continuing criminal enterprise, the "New York Boyz," that trafficked large quantities of cocaine in the Richmond, Virginia area between 1990 and 1992.

In February 1993, a jury convicted Roane of all three capital murders under § 848(e) (Counts 5, 8, and 11); conspiracy to possess cocaine base with the intent to distribute under § 846 (Count 1); engaging in a continuing criminal enterprise under § 848(a) (Count 2); committing violent crimes in aid of racketeering activity under § 1959 (Counts 7, 10, 13, 14, and 16); using a firearm in relation to a crime of violence or a drug-trafficking offense under § 924(c) (Counts 6, 9, 12, and 15); and one count of possession of cocaine base with the intent to distribute under

§ 841(a)(1) (Count 32). Following a penalty hearing on the capital murder counts, the jury recommended that Roane be sentenced to death for one of the three murders for which he was convicted under § 848(e)—the murder of Douglas Moody.

### B. Roane's application for a successive petition under 28 U.S.C. § 2255

On May 22, 2020, Roane filed a motion for authorization to file a successive § 2255 challenging his four § 924(c) convictions under *Davis*, and this Court has now requested briefing on *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021).

### Argument

### I. The Court should deny Roane's application for a successive § 2255 petition.

### A. Counts 6, 9, 12, and 15 are unaffected by *Davis*.

Counts 6, 9, 12, and 15 rely entirely on valid crime-of-violence and drug-trafficking predicate offenses.

First, *Davis* did not invalidate the definition of a "drug trafficking crime," which includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 924(c)(2). *See United States v. Eldridge*, 2 F.4th 27, 36 n.9 (2d Cir. 2021) ("*Davis* interpreted only the definition of a crime of violence, and thus had no effect on the scope of drug offenses that may also serve as predicates for § 924(c) convictions, *see* 18 U.S.C. § 924(c)(2)."); *United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (same); *see also United States v. Hare*,

820 F.3d 93, 106 (4th Cir. 2016). Indeed, in declaring § 924(c)(3)(B) unconstitutionally vague prior to *Davis*, this Court noted that it "le[ft] intact . . . the entirety of the definition of 'drug trafficking crime in § 924(c)." *United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019) (en banc). Thus, the drug conspiracy predicate (Count 1) and the drug-related murder predicates (Counts 5, 8, and 11) remain unaffected by *Davis*.

*Second*, the drug-related murder convictions (Counts 5, 8, and 11) are also crimes of violence under § 924(c)(3)(A). Under § 848(e)(1)(A), the government must prove that the defendant intentionally killed a person. Although § 848(e)(1)(A) has three distinct ways in which a connection is drawn between the killing and the drug trafficking, *see United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013), the government must still prove an intentional killing for every violation of § 848(e)(1)(A). Such proof satisfies § 924(c)(3)(A).

This Court has repeatedly held that an offense that requires proof of a murder satisfies § 924(c)(3)(A). *See, e.g.*, *United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019) (VICAR murder satisfies § 924(c)(3)(A)); *In re Irby*, 858 F.3d 231, 236–38 (4th Cir. 2017) (second-degree retaliatory murder is a crime of violence under § 924(c)(3)(A)); *cf. United States v. Allred*, 942 F.3d 641 (4th Cir. 2019) (knowingly engaging in conduct that causes bodily injury in violation of witness retaliation statute satisfies ACCA's elements clause); *United States v. Battle*, 927

11

F.3d 160, 167 (4th Cir. 2019) (Maryland conviction for assault with intent to murder satisfies ACCA's elements clause "because the offense contemplates an intentional causation of bodily injury").

Insofar as Roane might argue that § 848(e)(1)(A) could be violated by a bare omission, this Court has rejected such arguments. *See United States v. Rumley*, 952 F.3d 538, 551 (4th Cir. 2020). Crimes of violence and violent felonies encompass crimes "characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon." *United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020) (quoting *In re Irby*, 858 F.3d at 236; *Johnson v. United States*, 559 U.S. 133, 140–41 (2010)). Indeed, given that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*," *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019), it follows that the force need to kill a person suffices.

*Third*, VICAR murders (Counts 7, 10, and 13) and maiming (Count 16) are crimes of violence under § 924(c)(3)(A). As to the VICAR murders under § 1959(a)(1), this Court has already held that the murder offenses like those here satisfy § 924(c)(3)(A). *See Mathis*, 932 F.3d at 264–65. That conclusion is further reinforced by *United States v. Keene* 955 F.3d 391 (4th Cir. 2020). In *Keene* this Court described the relationship between a particular VICAR enumerated offense— there, assault with a dangerous weapon—and the state law referenced in the VICAR

statute. As this Court explained, under the VICAR statute in § 1959, "the statutory language at issue requires only that the defendant's conduct, presently before the court, constitute one of the enumerated federal offenses as well as the charged state crime." *Id*. at 393. Under this approach, a defendant's VICAR offense can be no broader than the enumerated federal offense, and every instance of Roane's VICAR murder satisfies § 924(c)(3)(A), as *In re Irby* illustrates.

VICAR maiming also satisfies § 924(c)(3)(A), although in light of *Ali*, this Court need not reach the question here. If contrary to *Keene*, the Court requires a state predicate crime satisfy § 924(c)(3)(A), then here that requirement is met. Virginia malicious wounding falls within the elements clause. *United States v. Hardy*, 999 F.3d 250, 257 n.4 (4th Cir. 2021) (citing *United States v. Rumley*, 952 F.3d 538, 550 (4th Cir. 2020)). And under any federal generic definition of maiming, the same precedent that establishes that Virginia malicious wounding qualifies would also suffice, as further illustrated by precedent like *Allred* and *Battle*.

Nor could there be a problem with a recklessness *mens rea* for any VICAR predicate crime. Under § 1959(a), the government must prove that the defendant's purpose in committing the predicate crime "was to maintain or increase his position in the enterprise." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1997) (citing *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992)); *Tipton*, 90 F.3d at 891 (same). Just as the specific intent required for attempted murder narrows the

13

*mens rea* for murder, *see, e.g.*, *Braxton v. United States*, 500 U.S. 344, 351 n.*
(1991) ("Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill."), so too the purpose requirement for VICAR makes the commission of the predicate crime deliberate. In analyzing whether a crime satisfies the elements clause, this Court does not "rigidly separate each element" of a crime, and in particular, the "mens rea elements [of the statute in question] cannot be limited to their individual clauses." *United States v. Roof*, — F.4th —, 2021 WL 3746805, at *62 (4th Cir. Aug. 25, 2021) (quoting *United States v. Runyon*, 994 F.3d 192, 204 (4th Cir. 2021)). True, the purpose required under § 1959(a) need not be the sole or even primary purpose, *United States v. Chavez*, 894 F.3d 593, 603–04 (4th Cir. 2018), but it must be a purpose that a defendant has in undertaking the crime, establishing that the crime is done intentionally.

**B.     Even if *Davis* invalidated a predicate underlying Counts 6, 9, 12, or 15, Roane still cannot demonstrate any prejudice.**

Under governing precedent, the mere fact of an invalid predicate offense under § 924(c) does not result in the automatic vacatur of that conviction. Indeed, there are many circumstances in which a conviction will rest on multiple theories of liability, only for it to become clear on appeal that one of them is invalid. In such circumstances, courts do not automatically vacate the problematic count.  Instead, applying *Yates v. United States*, 354 U.S. 298 (1957), and its progeny, *see Hedgpeth v. Pulido*, 555 U.S. 57, 60–61 (2008) (per curiam); *Skilling v. United States*, 561

14

U.S. 358, 414 n.46 (2010), they assess the error for harmlessness to determine whether the count survives in view of the strength of the evidence on any still-valid theories of conviction. *See, e.g.*, *United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012), *as amended* (Mar. 29, 2012) (holding that "a *Yates* alternative-theory error is subject to ordinary harmlessness review, and the relevant appellate inquiry is whether the error was harmless beyond a reasonable doubt"). Under *Hedgpeth*, "[a]n instructional error arising in the context of multiple theories of guilt no more vitiates all the jury's findings than does omission or misstatement of an element of the offense when only one theory is submitted." 555 U.S. at 61.

In cases where a defendant forfeits an alternative-theory claim by failing to raise it below, as did Roane, he "must show not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010). And on collateral review, the standard becomes stricter still. In evaluating a habeas claim, the examination of whether a *Yates* alternative-theory error is harmless is further evaluated through the lens of *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Under *Brecht*, a habeas petitioner must show that a purported error resulted in "actual prejudice." *Id.* at 637. Thus, an error is harmless on collateral review unless it had a "substantial and injurious effect" on the defendant's conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013); *accord Barnes v. Thomas*,

938 F.3d 526, 533 n.3 (4th Cir. 2019) (explaining that the *Brecht* standard is a "'less onerous harmless-error standard' than the requirement on direct appeal that an error be proven 'harmless beyond a reasonable doubt'" (quoting *Brecht*, 507 U.S. at 623));

Because Roane was convicted of numerous still-valid predicates, he cannot meet his burden of showing that any *Davis* error had a "substantial and injurious effect" on his proceedings. In fact, far from having a "substantial and injurious effect," *Davis* had no effect at all on Roane's trial.

A § 924(c) conviction need only rest on one valid predicate to itself be valid. *See, e.g., Hare*, 820 F.3d at 105–06; *see also United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) ("We reaffirm our holding in *Hare* that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following *Johnson* and its progeny."). And both before and after *Davis*, this Court has assessed the validity of § 924(c) convictions under principles of alternative-theory error.

In *United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010), this Court reviewed a § 924(c) conviction with one proper and one improper jury instruction for plain error, holding that the defendant bears the burden of showing "'that the erroneous instruction given resulted in his conviction,' not merely that it was impossible to tell under which prong the jury convicted." *Id*. at 954 (quoting *United States v. Hastings*, 134 F.3d 235, 243–44 (4th Cir. 1998)). Thus, a defendant "must show not only that he *could* have been convicted under the erroneous [theory], but

also that he *was not* convicted under the properly-instructed" theory. *Id*. at 955.

In *Ali*, this Court extended *Robinson* to the context of a dual-predicate § 924(c) conviction, applying plain-error review to affirm a defendant's conviction after a trial involving a general jury verdict. *Ali* held that the inclusion of an invalid predicate (Hobbs Act conspiracy) was a plain error but that the valid, factually supported predicate (aiding or abetting Hobbs Act robbery) established that the error did not affect the defendant's substantial rights. *Ali* further held that "a showing of uncertainty as to 'whether the verdict returned by the jury rested solely on the mis-instruction' does not meet the defendant's burden of establishing actual prejudice under the third *Olano* prong." 991 F.3d at 474–75 (quoting *Hastings*, 134 F.3d at 243). And it was irrelevant that the Court "d[id] not know for certain which theory of guilt the jury accepted" because "that [type of] ambiguity is insufficient under plain error review." *Id*. at 575.

*Ali* demonstrates that on direct appeal, a defendant challenging his multi-predicate § 924(c) conviction cannot prevail by simply relying on ambiguity. And, as explained above, on collateral review, that standard is even more exacting. Not only can a defendant not simply rely on ambiguity in the multi-predicate scenario, but he must instead demonstrate that the jury convicted him *solely* in reliance on the no-longer valid predicate offenses. *Granda v. United States*, 990 F.3d 1272, 1288 (11th Cir. 2021) (defendant "must establish a substantial likelihood that the jury

17

relied only on the Count 3 [conspiracy] conviction, because reliance on any of Counts 1, 2, 4, or 5 would have provided a wholly independent, sufficient, and legally valid basis to convict on Count 6. If the absence of the invalid Count 3 predicate would not likely have changed the jury's decision to convict, Granda has not suffered actual prejudice."); *Frady*, 456 U.S. at 172, 102 (no actual prejudice from erroneous jury instructions existed where there was "no substantial likelihood" that the jury would have mitigated a first-degree murder conviction to manslaughter if "only the malice instructions had been better framed"); *see also Robinson*, 627 F.3d at 955. Roane has never attempted such a showing, and the record in this case would make any attempt to do so futile.

Roane was convicted of every count underlying his convictions on Counts 6, 9, 12, and 15. And even assuming the invalidity of one or more crime-of-violence predicates, it is impossible that the jury did not find that Roane used a firearm in furtherance of the undisputedly valid drug-related murders charged under § 848(e) (Counts 5, 8, and 11). As noted above, § 848(e) is a valid drug-trafficking predicate and is enough—on its own—to support the § 924(c) convictions charged in Counts 6, 9, and 12. So too regarding the VICAR murder predicates (Counts 7, 10, 13, and 14), which can just as equally support Roane's convictions on Counts 6, 9, 12, and 15. As this Court explained on direct appeal, the murders that formed the basis of the § 924(c) convictions were "all in relation to [the defendants'] drug-trafficking

18

operation," and occurred "because their victims were suspected of treachery or other misfeasance, or because they were competitors in the drug trade, or because they had personally offended one of the 'partners.'" *Tipton*, 90 F.3d at 868.

No reasonable jury could have concluded that Roane used a firearm in furtherance of the assumedly invalid predicate offenses, but not the valid drug-trafficking murder predicates (Counts 5, 8, 11). *See United States v. Cannon*, 987 F.3d 924, 948 (11th Cir. 2021) (applying harmless-error review to preserved dual-predicate § 924(c) challenge on direct appeal and concluding that "[n]o reasonable juror could have found that Cannon and Holton carried their firearms in relation to the Hobbs Act robbery conspiracy but not the cocaine conspiracy."). These convictions all stem from the same underlying set of facts as the VICAR offenses. The drug-related murders and the VICAR predicates are coextensive, making it virtually impossible for a jury to have concluded that Roane used a firearm in furtherance of one but not the other. *See id*.; *see also Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir. 2021); *Parker v. United States*, 993 F.3d 1257, 1263 (11th Cir. 2021). And again, the jury found Roane guilty of all the predicate offenses, thus removing any doubt that might exist in this case. *See id*. ("The jury's guilty verdicts on both Counts 1 and 2 conclusively establish that the jury unanimously found beyond a reasonable doubt that the defendants were conspiring to rob the stash house of cocaine so they could then possess and distribute the cocaine themselves.");

*see also Foster*, 996 F.3d at 1108 (same); *Parker*, 993 F.3d at 1263 (same). As to Count 15, which did not charge an underlying § 848(e) predicate, that count can be easily upheld on the still-valid VICAR murder charged in Count 14.

As explained above, even after *Davis*, Roane's § 924(c) convictions are still supported by, at the very least, valid drug-trafficking and VICAR murder predicates. Given this reality—as well as Roane's repeated failure to even attempt to demonstrate some form of prejudice from the assumedly no-longer valid predicate offenses—he cannot demonstrate that any error had a "substantial and injurious effect" on his convictions. *Smith*, 723 F.3d at 517.

On plain-error review, Roane would have to demonstrate "not only that he *could* have been convicted under the erroneous [theory], but also that he *was not* convicted under the properly-instructed" theory. *Robinson*, 627 F.3d at 955; *see also Ali*, 991 F.3d at 474–75 ("[A] showing of uncertainty as to 'whether the verdict returned by the jury rested solely on the mis-instruction' does not meet the defendant's burden of establishing actual prejudice"). But on collateral review, Roane must establish a "substantial likelihood" that the jury relied *only* on the now-invalid predicate offenses. *See Granda*, 990 F.3d at 1288; *Parker*, 993 F.3d at 1264. Roane has not—and cannot—make this showing. His challenge to Counts 6, 9, 12, and 15 must therefore be rejected.

Respectfully submitted,

Raj Parekh
Acting United States Attorney


_____ /s/
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys

## Statement Regarding Oral Argument

The United States respectfully suggests that oral argument is not necessary in this case.

## Certificate of Compliance

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this memorandum brief does not exceed 20 pages, as per the Court's order, excluding the table of contents, table of authorities, statement regarding oral argument, this certificate, the certificate of service, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/
_____

Joseph Attias
Assistant United States Attorney
