IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7

IN RE: JAMES ROANE, JR.,

*Movant*.

On Movant's Application for Leave to File
a Successive Motion Under 28 U.S.C. § 2255 in the
United States District Court for the Eastern District of Virginia
*The Honorable David J. Novak, District Judge*

MEMORANDUM REPLY BRIEF OF THE UNITED STATES

Raj Parekh
Acting United States Attorney

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

*Attorneys for the United States of America*

**Table of Contents**

Page

Table of Authorities .................................................................................. ii

Roane fails to establish a plausible claim under *Davis*................................................1

Certificate of Compliance .................................................................6

**Table of Authorities**

Page

**Cases**

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997)...........................................3

*Davis v. Ayala*, 135 S. Ct. 2187 (2015) ................................................................4

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008)..............................................................4

*Hill v. United States*, 877 F.3d 717 (7th Cir. 2017)...............................................2

*In re Amawi*, 780 F. App'x 301 (6th Cir. 2019) ....................................................1

*In re Irby*, 858 F.3d 231 (4th Cir. 2017)..............................................................1

*In re Phillips*, 879 F.3d 542 (4th Cir. 2018) ........................................................2

*In re Thomas*, 988 F.3d 783 (4th Cir. 2021).........................................................3

*In re Vassell*, 751 F.3d 267 (4th Cir. 2014) .........................................................3

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ......................................................2

*Johnson v. United States*, 559 U.S. 133 (2010) ....................................................1

*Thompson v. United States*, 924 F.3d 1153 (11th Cir. 2019) .................................2

*United States v. Ali*, 991 F.3d 561 (4th Cir. 2021) ...............................................3

*United States v. Baez-Martinez*, 950 F.3d 119 (1st Cir. 2020)...............................2

*United States v. Davis*, 139 S. Ct. 2319 (2019) .............................................. i, 1, 4

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019).........................................1

*United States v. Smith*, 957 F.3d 590 (5th Cir. 2020)...........................................1

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996)............................................3

**Statutes**

18 U.S.C. § 1959...............................................................................................1, 2

21 U.S.C. § 848(e)(1)(A) ...................................................................................1, 2

28 U.S.C. § 2255...............................................................................................1

**Roane fails to establish a plausible claim under *Davis***

In seeking authorization for his successive motion under 28 U.S.C. § 2255, Roane flatly asserts—without citing any supporting authority—that "his convictions based on killings committed under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 1959 [are] no longer valid predicates after" *United States v. Davis*, 139 S. Ct. 2319 (2019). Dkt. No. 36 at 5. He treats as self-evident that an offense under 21 U.S.C. § 848(e)(1)(A) is not a "felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)," 18 U.S.C. § 924(c)(2). But it is indisputable that an offense under § 848(e)(1)(A) is a felony punishable under the Controlled Substances Act.

Roane also treats as self-evident that murder is not a crime of violence under § 924(c)(3)(A). But federal murder offenses remain crimes of violence after *Davis*, a principle that no rational system of law would reject. "It cannot be seriously argued that murder is anything other than a crime of violence." *United States v. Smith*, 957 F.3d 590, 595 (5th Cir. 2020) (quoting *In re Amawi*, 780 F. App'x 301, 306 (6th Cir. 2019)). This Court has agreed. *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017) ("second-degree retaliatory murder is a crime of violence under the force clause"); *see also United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019) (VICAR murder and federal witness tampering by means of murder satisfy § 924(c)(3)(A)). As Judge Easterbrook has observed, "The Supreme Court's opinion in *Johnson [v. United States]*, 559 U.S. [133,] 140–41 (2010), refers to murder as the paradigm of

1

an offense that comes within the elements clause of § 924(e)." *Hill v. United States*, 877 F.3d 717, 720 (7th Cir. 2017). In keeping with that principle, the Supreme Court declined as recently as this past June to upset precedent that second-degree murder under Puerto Rico law satisfies the ACCA's elements clause. *See United States v. Baez-Martinez*, 950 F.3d 119 (1st Cir. 2020) (second-degree murder under Puerto Rico law satisfies ACCA's elements clause), *cert. denied*, No. 20-5075, 2021 WL 2519179 (U.S. June 21, 2021); *see also Thompson v. United States*, 924 F.3d 1153, 1158 (11th Cir. 2019) (federal second-degree murder satisfies ACCA's elements clause), *cert. denied*, 140 S. Ct. 2769 (2020).

Roane's next argument—that the jury would not have returned guilty verdicts on the § 924(c) counts without the invalid predicates—is no more persuasive. This argument presupposes that § 848(e)(1)(A) and VICAR murder under § 1959(a)(1) do not remain valid predicates, and that premise is incorrect, as just described above. And contrary to what Roane suggests, there is no prohibition on this Court considering the factual premises of an application for permission to file a successive § 2255 motion. As this Court has explained, "it must at least 'appear[] *reasonably likely*' that the second or successive application satisfies the § 2244(b) requirements so as to 'warrant fuller exploration by the district court' as to whether they are *actually satisfied*." *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003); *Bennett v. United*

*States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). Put another way, a claim must be "plausible." *In re Thomas*, 988 F.3d 783, 791 (4th Cir. 2021) (quoting *In re Irby*, 858 F.3d at 233). And "[a] claim is not plausible if it would clearly fail, as authorizing such a claim would be 'an exercise in futility.'" *In re Thomas*, 988 F.3d at 791 (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014)). Moreover, applications can fail either on procedural grounds or on the merits. *Id*. Roane's response to this precedent is simply to ignore it.

Roane also seeks to have his successive § 2255 motion authorized by inflating what is actually required to prove a violation of § 924(c). Citing the murder of Douglas Moody, Roane points out that Richard Tipton "shot Moody twice in the back," and when "Moody fled by jumping through a window, both Tipton and Roane pursued. Roane, armed with a military-style knife retrieved from an apartment where the knife was kept for co-conspirator Curtis Thorne, caught up with Moody in the front yard of the apartment where he stabbed him eighteen times, killing him." *United States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996). But Roane's liability under § 924(c) can be as an aider and abettor, *United States v. Ali*, 991 F.3d 561, 573–74 (4th Cir. 2021), and Roane cannot show that § 924(c) liability requires proof that the gun caused a victim's death. All that the government had to prove here was that the firearm was used during and in relation to a crime of violence or drug trafficking offense. The jury could not rationally have rejected the conclusion that shooting

3

Moody in the back twice constituted using a gun during and in relation to a crime of violence or drug trafficking offense.

Finally, Roane argues that the jury in his case was not instructed that it had to be unanimous as to the specific underlying predicates. Def. Mem. Br. at 7. But the record citations on which Roane relies do not establish that the court in *Ali* instructed the jury to be unanimous as to *each predicate*. Rather, the court told the jury to be unanimous as to *each element*. But Roane's unanimity argument fails for several other fundamental reasons. A habeas petitioner cannot demonstrate prejudice by simply relying on speculation. *See Davis v. Ayala*, 135 S. Ct. 2187, 2205 (2015); *Hedgpeth v. Pulido*, 555 U.S. 57, 60 (2008). Roane was convicted of every underlying predicate offense, and it strains credulity to suggest that the same jury that convicted Roane of the murders underlying his § 924(c) convictions would have disagreed over whether he (or a codefendant) used a firearm during and in relation to those same murders. *See United States v. Myers*, 280 F.3d 407, 414 (4th Cir. 2002). Roane's application should be denied.

Respectfully submitted,

Raj Parekh
Acting United States Attorney


_____/s/_____
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this memorandum brief does not exceed 10 pages, as per the Court's order, excluding the table of contents, table of authorities, statement regarding oral argument, this certificate, the certificate of service, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/

Richard D. Cooke
Assistant United States Attorney