# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. 20-7

---

### In re James H. Roane, Jr.,

### Movant.

---

### RESPONSE TO GOVERNMENT'S MEMORANDUM BRIEF

---

Joanne Heisey
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org

Counsel for James H. Roane, Jr.

Dated:  September 16, 2021

In its Memorandum Brief addressing this Court's holding in *United States v. Ali*, 991 F.3d 561, the Government mischaracterizes *Ali*'s holding respecting the application of harmless error review in the context of a Motion for Authorization. Ultimately, the Government's fact-intensive argument as to the merits of Mr. Roane's proposed motion under 28 U.S.C. § 2255(h)(2) simply underscores the fact that this analysis is appropriate for the district court and supports authorization.

A. **Harmless error review entails a fact-intensive analysis that should only be undertaken by the district court**

The Government claims that Mr. Roane has argued that the categorical approach "displaces" harmless error review where, as here, a § 924(c) conviction could have rested on various predicate offenses. ECF 37 at 6. This mischaracterizes Mr. Roane's argument. Mr. Roane has not argued that harmless error review does not apply. Rather, he has argued that harmless error review works in tandem with the categorical approach. As this Court explained in *Ali*, "[t]he purpose of the categorical (and modified categorical) approach is not to determine what the predicate was—a factual question—but rather whether a particular predicate meets the requirements of a 'crime of violence'—a purely legal question." 991 F.3d at 574.

Where, as in *Ali* and here, there are multiple predicates upon which a § 924(c) conviction may have rested, harmless error review is appropriate in

1

assessing whether it is possible to determine which of the predicates the jury's conviction rested on. This was easy to do in *Ali*, where the two alternate predicates were inextricably intertwined. *Ali* involved a conspiracy to commit Hobbs Act robbery (an invalid predicate) as well as the Hobbs Act robbery itself (a valid predicate); thus this Court could easily determine *on direct appeal under a plain error standard of review* that the Hobbs Act robbery—which was committed with a firearm—constituted the completion of the Hobbs Act conspiracy. *Id.* at 576.

Mr. Roane's case is very different. Here, there were several different crimes listed as possible predicates for each of his § 924(c) convictions, all of which entailed different conduct, and some of which are now invalid following *Davis*. Mr. Roane's jury had only to determine that one of the predicates involved use of a firearm and was not required to state in its verdict which offense served as the predicate. Because the conduct underlying the various predicates was not intertwined here as it was in *Ali*, it is impossible to determine whether the jury's finding rested on a valid or an invalid predicate. In fact, because the court in Mr. Roane's case never instructed the jury that it had to be unanimous as to the predicate that supported the § 924(c) convictions, it is not even clear (unlike in *Ali*) that the jury agreed which predicate crime was the basis for its finding of guilt on the § 924(c) offenses.

*Said v. United States*, currently pending on appeal in this Court, No. 21,
7089, is similar to Mr. Roane's case. In *Said*, the district court, after receiving
briefing on *Ali*, granted the petitioner's § 2255 motion and vacated his § 924(c)
convictions based upon its "grave doubt…based on the record[,] which is unclear
on whether the jury relied on the invalid predicate offenses…or valid offenses…or
a combination thereof" when finding him guilty. 2021 WL 3037412, at *12 (E.D.
Va. July 19, 2021). As with Mr. Roane, Mr. Said's § 924(c) offenses were based
on: 1) multiple predicates that, unlike in *Ali*; 2) were not factually intertwined and;
3) where the jury was not instructed it had to be unanimous as to the predicate on
which the § 924(c) convictions were based. *Id.*

Mr. Roane's case is also similar to cases recently decided by the Second and
Fifth Circuit Courts of Appeals. Both Courts of Appeals have vacated § 924(c)
convictions resting on multiple alternate valid and invalid predicates that were not
intertwined with one another. *See United States v. Jones*, 935 F.3d 266 (5th Cir.
2019) (vacating § 924(c) convictions where valid and invalid predicates "not
coextensive"); *United States v. McClaren*, 998 F.3d 203, 230 (5th Cir. 2021)
(vacating § 924 convictions where invalid RICO conspiracy predicate "involved
acts of violence going beyond the [valid] drug conspiracy")[1]; *United States v.*

---

[1] In both *Jones* and *McLaren*, the jury was presented with both drug-
trafficking and purported crime-of-violence predicates. As the Fifth Circuit
explained in granting relief in *McLaren*:

*Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates not "inextricably intertwined").

The Fourth Circuit should follow the lead of its sister circuits in those instances where, unlike *Ali*, one cannot easily determine what was in the jury's mind, especially without a deep dive into the record. Mr. Roane has, at a minimum, pled a prima facie case that merits authorization and would appropriately permit the district court to undertake this fact-intensive analysis.

**B.  The Government's Remaining Arguments, Which Should be Decided at the District Court Level, Are Nevertheless Also Unavailing.**

In previous pleadings, the parties were given the opportunity to address the issues before this Court on Mr. Roane's Motion for Authorization. In the instant pleadings, they were only asked by this Court to address the significance of *United*

---

In so holding [in *Jones*], the court noted that the RICO conspiracy alleged involved acts of violence going beyond the drug conspiracy, and so '[a] reasonable probability remain[ed] that the jury relied upon RICO conduct separate from the drug conspiracy— such as assaults and murders for the purpose of maintaining the gang's territory or reputation—to convict Appellants of the challenged § 924 offenses.' The same is true in this case: we cannot determine whether the jury relied on the RICO or drug-trafficking predicate, and because a RICO conspiracy is not a crime of violence, the basis for conviction may have been improper.

*McClaren*, 998 F.3d at 230 (internal citations omitted).

*States v. Ali*, a case that came before this Court on direct appeal and required plain error review. The Government has, nonetheless, taken this opportunity to address the full array of arguments that should rightfully be addressed by the district court after authorization. Mr. Roane responds below briefly to a few of the points the Government raises.

### 1. 18 U.S.C. § 1959 Cannot Be Deemed a Crime of Violence In Mr. Roane's Case Because No Predicate Crime Was Specified As the Basis For Racketeering.

The Government concedes that the § 1959 VICAR charge based on maiming may, in fact, not be a crime of violence[2] but continues to argue that the rest of the VICAR charges constitute proper crimes of violence because this Court "has already held" that murder offenses under § 1959(a)(1) satisfy § 924(c)(3)(A), citing to this Court's decisions in *Mathis*, 923 F.3d 242 (4th Cir. 2019) and *Keene*, 955 F.3d 391 (4th Cir. 2020). ECF 37 at 17. This overlooks that no murder statute is referenced in Mr. Roane's superseding indictment as the VICAR predicate.

The Government fails to mention that, unlike in *Mathis* and *Keene* where the underlying § 1959 conviction was explicitly undergirded by a specific state statute, *see Mathis*, 932 F.3d at 264; *Keene*, 955 F.3d at 392, Mr. Roane's were not.

---

[2] *See* ECF 37 at 9 ("the only even arguably invalid predicate is the VICAR maiming offense ... that was included in Count 15"). This concession alone suffices to support a prima facie showing for authorization with respect to Count 15, which rested on Count 16 as predicate. *See* ECF 2-4 at 39.

The indictment in this case does not specify which of the multiple crimes listed under the § 1959 charges provides the underlying offense, nor does it cite to any state or federal statute setting forth the elements that must be assessed to determine if they satisfy the "force" or "elements" clause of § 924(c). This renders all of Mr. Roane's § 1959 convictions invalid as predicates for the §924(c) offenses because it is impossible to determine the elements of the crime that served as the basis for the criminal enterprise underlying the § 1959 convictions. [3] There are, in fact, few principles more deeply imbedded in the concepts of due process and criminal law than that the Government cannot save a faulty conviction by "fixing" its indictment after the fact of the conviction. This is akin to the Government asking the Court to take it on faith that the prosecution could have proved the elements of a particular offense, even though it did not attempt to do so at trial. *See, e.g., Russell v. United States*, 369 U.S. 749, 770 (1962); *Stirone v. United States*, 361 U.S. 212, 272-73 (1960).

Mr. Roane's convictions under § 1959 are not categorically crimes of violence and cannot serve as valid predicates to support his § 924(c) convictions.

---

[3] No fault can be assigned to Mr. Roane for failing to demand more specificity in the indictment. At the time he was charged and convicted, the residual clause would have provided a basis for the § 924(c) convictions so it would not have mattered at the time of trial what statute might have been invoked as the VICAR predicate. That is not so today.

On this basis alone—because the § 1959 crimes were not crimes of violence and were not co-extensive with multiple other crimes that served as predicates to the § 924(c) charges—*Ali* is inapposite. Mr. Roane has made out the necessary prima facie case, and this Court should grant his motion for authorization.

**2. While Resting On And Based On Drug-Trafficking Crimes, Mr. Roane's § 848(e) Charges Were Prosecuted As Crimes Of Violence.**

The Government argues that Mr. Roane's § 848(e) convictions remain valid predicates by attempting to recast these killings as "drug-trafficking offenses," and arguing that acts of violence were committed in relation to these drug distribution offenses.[4] The Government is wrong. The fact that proof of the § 848(e) crimes required a tie to drug-trafficking does not make them drug-trafficking crimes, in and of themselves. Even the Government tacitly acknowledges this. *See, e.g.,* ECF 37 at 9 (the murders were "committed to *advance* the drug trafficking organization"; the Government's evidence linked the murders to "a *furtherance* of the CCE's purposes" (emphasis added)); *id.* at 11 ("each of Roane's murders *furthered* the drug-trafficking organization" (emphasis added)). If § 848(e) was itself a drug-trafficking crime in its own right because the killings were committed to further the drug distribution charges, as the Government now argues, and if the

---

[4] As Mr. Roane has pointed out before, the record provides insufficient evidence to conclude that a firearm was used in the commission of the drug-trafficking crimes themselves.

Government believed the drug distribution had been committed with the use of a firearm, the Government would have charged the co-defendants with a § 924(c) offense using the § 848(e) charge of the killing of Doug Talleyas a predicate, even though Talley was stabbed, not shot, to death. The Government did not do this, however. The Government's post-hoc argument is unavailing.

### 3.  18 U.S.C. § 848(e) Killings Do Not Require the Mens Rea Necessary for a Crime of Violence.

The Government also argues that Mr. Roane's convictions under § 848 must serve as valid predicates because the statute requires an intentional murder. ECF 37 at 16. Not so. The Sixth Circuit has recognized that a killing under § 848(e) "could be read to include" a variety of acts, including "intentionally engag[ing] in conduct which the defendant knew would create a grave risk of death to a person other than one of the participants in the offense and resulting in death to the victim." *United States v. Alvarez*, 266 F.3d 587, 594-95 (6th Cir. 2001). In that case, the Sixth Circuit upheld the use of jury instructions that allowed the jury to convict the defendant of an § 848(e) offense based on a finding that amounted to recklessness or extreme recklessness rather than an intentional mens rea. This holding demonstrates a "reasonable probability" that an § 848(e) crime could be prosecuted on the basis of this reduced level of intent to cause bodily injury or death.

But the Supreme Court has held in *Borden v. United States* that a mens rea of recklessness is insufficient to satisfy the force clause and has left open the question whether extreme recklessness satisfies it. 141 S. Ct. 1817, 1825, n.4 (2021). Thus, 21 U.S.C. § 848(e) is not categorically a crime of violence.

**C.** **Because *Ali* Differs in So Many Significant Respects from Mr. Roane's Case, Its Holding Has No Applicability Here. This Court Should Grant His Motion for Authorization and Allow Him to Pursue His *Davis* Claims in District Court.**

Ultimately, the question before the Court at this stage is whether Mr. Roane has met the "relatively low" threshold for authorization to proceed to merits review of his claim in the district court. *In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016). At this stage, Mr. Roane need only show that his claim is timely and relies on a new rule of constitutional law that (i) is made retroactive to cases on collateral review by the Supreme Court; and (ii) was previously unavailable. 28 U.S.C. § 2255(h)(2). Review at the authorization stage entails only a "cursory glance at the merits." *Thomas*, 988 F.3d at 790; *see also Hubbard*, 825 F.3d at 231 ("It is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."). Such a cursory glance will show that Mr. Roane has pled a prima facie case and deserves the opportunity to present his case in district court.

The harmless error analysis in Mr. Roane's case requires a fact-intensive review of the record that should not be undertaken at this authorization stage by

this Court. Indeed, the fact-intensive arguments raised here by the Government support authorization for resolution of Mr. Roane's claim in the district court.

**WHEREFORE**, Mr. Roane respectfully requests that, for all the reasons set out above, and in his initial Motion for Authorization and subsequent pleadings, this Court grant him the authorization to file his successor § 2255 Motion in the district court.

Respectfully submitted,

/s/ Joanne Heisey
Joanne Heisey
Assistant Federal Public Defender
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis, Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
joanne_heisey@fd.org

Counsel for James H. Roane, Jr.

Dated: September 16, 2021

**CERTIFICATE OF SERVICE**

I, Joanne Heisey, hereby certify that on this 16th day of September, 2021, I

submitted the foregoing for filing with service to:

Richard D. Cooke
Assistant United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219

/s/ Joanne Heisey
Joanne Heisey